### KELLY v. DURHAM TRACTION COMPANY.

(Filed November 17, 1903.)

1. MALICIOUS PROSECUTION—*Warrant—Evidence.*

> In an action for malicious prosecution it is not necessary to show that the defendant company swore out the warrant, it being sufficient if it directly or indirectly procured it to be issued.

2. ISSUES—*Malicious Prosecution—Illegal Arrest—Damages—The Code, sec. 395.*

> Where an action is for malicious prosecution and illegal arrest, and an issue is submitted as to each, two issues should be submitted as to damages.

A PETITION TO REHEAR this case, reported in 132 N. C., 368.

*Manning & Foushee,* for the petitioner.
*Boone, Bryant & Biggs,* in opposition.

DOUGLAS, J.  This case is before us on a rehearing, having been decided in 132 N. C., 368.  As, after careful consideration, we see no reason to change our opinion, and as the points relied on in the petition to rehear were discussed in our former opinion, we can add but little thereto.  We there held

that while there was no evidence that the defendant swore out the warrant, there were evidential circumstances from which the jury might infer that the warrant was issued at the instigation of the defendant. It is not necessary that the defendant should, through one of its authorized agents, make the affidavit on which the warrant is issued, or directly apply therefor. It is sufficient if it directly or indirectly procured it to be issued. The following extract from the case of *Holden v. Merritt,* 92 Iowa, 707, clearly expresses our own views: "If the jury believed this testimony, as they had a right to do, although much of it was denied by the defendant, then it is apparent that the defendant set the machinery of the law in motion; at least the jury was authorized to so find. It need not be shown that the defendant ordered or directed the warrant or process to issue, or that he participated in its execution. If he, on his own motion, gave information or made complaint to the officers of the law in such a manner as that in the regular and ordinary course of events an arrest must be made or will probably follow, this is sufficient to warrant the jury in finding him the real prosecutor." Practically to the same effect is *Tangney v. Sullivan,* 163 Mass., 166. In our former opinion it is said that "it is not necessary to show who actually swore out the warrant, provided it was at the instigation or procurement of the defendant (citing authorities). There was evidence tending to prove that the defendant instigated the prosecution. It is true it is merely circumstantial, but if circumstantial evidence is competent on an issue of life or death we see no reason why it is not equally competent in civil cases." While the warrant itself was not offered in evidence, it is not denied that it was issued, and in fact it is admitted in the defendant's answer and prayers for instructions. As the jury have found, under proper instructions and upon more than a scintilla of evidence, that the defendant pro-

cured the issue of the warrant, we can see no reason to disturb the verdict.

While we find no error that can affect the judgment in the present case, there is a defect of issues that might have necessitated a new trial as to both causes of action had there been error in the submission of either. The plaintiff declared on two distinct causes of action illegal arrest and malicious prosecution, which were properly submitted under distinct issues, and yet there was only one issue as to damages. As the answer to this issue included the damages arising from both causes of action, an error upon either of the foregoing issues would have necessitated a new trial, as the damages could not be proportioned between them. Perhaps this omission would be immaterial in a majority of cases, as, for instance, like that at bar, where the issue as to damages is evidently intended to include the sum total arising from both causes of action. Where only one cause of action is found in favor of the plaintiff it would be equally immaterial, as the damages would be presumed to arise therefrom; but a verdict including damages arising from both causes of action must necessarily be set aside if either cause fails to be sustained on appeal. To prevent any such miscarriage, and to sustain the orderly method of procedure, we think that a separate issue should be submitted as to the damages arising on each distinct cause of action. The plaintiff would of course be entitled to the sum total of both issues if found in his favor, but this sum would not and should not exceed that which would have been found in a single issue wherein both causes of action are united.

By distinct causes of action we mean those that are separate and distinct in fact, and not those which merely state different legal phases of the same transaction. The necessity for the submission of issues, whether tendered or not, sufficient to sustain the judgment has been too recently and fully

discussed by this Court to require further elaboration. *Strauss v. Wilmington,* 129 N. C., 99; *Pearce v. Fisher,* at this term. In *Tucker v. Satterthwaite,* 120 N. C., 118, this Court says, on page 122: "We are not inadvertent to the long line of decisions laying down the rule that the refusal of the Court to submit an issue tendered by either party cannot be reviewed by this Court unless exception is taken in apt time, nor do we wish to be understood as reversing or modifying it. That rule, when reasonably construed, does not conflict with the one herein laid down. What we now say is that section 395 of The Code is mandatory, binding equally upon the Court and upon counsel; that it is the duty of the judge, either of his own motion or at the suggestion of counsel, to submit such issues as are necessary to settle the material controversies arising in the pleadings, and that in the absence of such issues or admissions of record equivalent thereto sufficient to reasonably justify, directly or by clear implication, the judgment rendered therein, this Court will remand the case for a new trial."

As the additional issue was not material in the case at bar, and we find no substantial error in the trial of the action, the petition to rehear must be dismissed.

Petition dismissed.