568.   SHEFFIELD *et al. v.* INTERNATIONAL HARVESTING MACHINE COMPANY OF AMERICA.

1. A note given in renewal and extension of a past-due note contains a stipulation releasing and relinquishing any and all claims arising out of the purchase of a machine for which the first note was given. *Held:*
(1) The renewal and extension of the time of payment constitute a

sufficient consideration for such waiver. (2) A plea setting up total failure of consideration, in defense to a suit on the renewal note, was properly stricken.

2. The verdict was demanded by the evidence.

Complaint, from city court of Miller county—Judge Bush. May 18, 1907.

Submitted October 28, 1907.—Decided January 15, 1908.

*W. I. Geer,* for plaintiffs in error. *Bush & Stapleton,* contra.

HILL, C. J. The international Harvesting Machine Company of America sued Sheffield as principal, and Kelley as indorser, on a promissory note which contained the following provision: "In consideration of the renewal and extension of my notes, Nos. 82972 and 82973, year 1903-04, I hereby acknowledge full satisfaction of and unconditionally release and relinquish any and all claims arising out of purchase of the machine for which the note or notes of which this is a renewal was given." The defendants filed a joint plea of the general issue, and further pleaded a total failure of consideration as to the mowing machine for which the original note was given, but admitted an indebtedness of $15 for a hay rake. On motion of plaintiff's counsel, the court struck the plea of total failure of consideration, on the ground that the note sued on was given in renewal of a previous note, and, in consideration of the extension and renewal of said note, the maker thereof had made an express waiver of all claims arising out of the purchase of the machine for which the first note was given. To this judgment the defendant excepted pendente lite. The note sued on was introduced in evidence, and the defendant testified that it was made in renewal of the notes which he had given for a Deering Mowing Machine and hay rake. Under this evidence, the jury returned a verdict for the plaintiff, for the full amount; and the defendant filed a motion for a new trial, based on the general grounds and on the ground that the court struck his plea of total failure of consideration.

The one question for our decision is, whether the court erred in striking the plea of total failure of consideration. This plea is in the following language: "For further plea this defendant says, that the consideration of the note sued on was the purchase-price of a mowing machine and hay rake, and that the said mowing machine was shipped to this defendant, Sheffield, but that no blade

was sent with the mowing machine; and for this reason the consideration of said note has totally failed as to said mowing machine, for that the defendant purchased the said blade as a part of the mowing machine." It will be seen, from the recitals contained in the renewal note sued on, that the machine in question was purchased and the original note given therefor over a year previous, and that the defect complained of was patent, and one that the purchaser could readily see upon looking at the machine. Nevertheless, he seems to have given his original note therefor without making any complaint of the defect; and over a year thereafter, still without complaint, he gave his renewal note, the subject-matter of this suit, in which renewal note he expressly waived all claims arising out of the purchase of the machine for which the original note was given. Many authorities hold that a renewal or extension of a promissory note at the solicitation of the maker, with full knowledge of a failure of the consideration for which the original note was given, constitutes a waiver of any defense on that score; but it can not be doubted that where, in a renewal note, there is an express waiver of any breach of warranty or failure of consideration, such as is contained in the present note, and the extension is given in consideration of such waiver, the defendant could not set up such defense to a suit on the renewal note. A renewal or an extension of time of payment constitutes a sufficient consideration for a waiver on the part of the vendee of any breach of warranty, or of any failure of consideration of the article purchased and for which he gave his promissory note in the first instance. While we are inclined to the opinion that a mere extension of time of payment does not itself estop the maker of the note from setting up as a defense a total failure of consideration, yet, where the evidence discloses the fact of his knowledge of such failure of consideration at the time that he gave the renewal note, and in the renewal note he expressly waives any failure of consideration or any claim arising on account of failure of consideration, we think he would unquestionably be bound, Fairbanks v. Baskett, 98 Mo. App. 53 (71 S. W. 1113); Deering v. Walter, 2 Neb. (Unof.) 361, (96 N. W. 517).

The learned counsel for the plaintiff in error states, in his brief, that his client was induced to give his note for the mowing machine, notwithstanding the fact that there was no blade, on the

promise of the Harvesting Machine Company that they would send the blade; but the plea fails to set up any such explanation of his conduct. It is not alleged in said plea that the note sued upon was obtained by any unfair means, or that the Harvesting Machine Company failed to comply with their promise to send the blade, which was an essential part of the machine, but the note contains expressly and in the clearest language, and upon a sufficient consideration (to wit, an extension of time for the payment of the indebtedness), a release and relinquishment of all claims for damages arising out of the purchase of the machine. We are therefore clearly of the opinion that the court did not commit an error in striking the plea. After the plea was stricken, of course, any evidence offered by the defendant in support thereof was properly excluded. The verdict was demanded by the evidence, and the judgment of the court below, refusing a new trial, is    *affirmed.*