## 5801. SCHOFIELD-BURKETT CONSTRUCTION CO. *v.* RICH.

BROYLES, J. 1. There was no error in allowing the amendments to the defendant's pleas, or in overruling the demurrers to the pleas as finally amended; the written contract signed contemporaneously with the notes, and afterwards introduced in evidence, not being set out or referred to in the pleadings.

2. A purchaser of an article who has given his promissory notes for the price and signed contemporaneously an unambiguous written contract in regard to the same transaction, and therein accepted a limited warranty and stipulated not to exact anything beyond, can not prove by parol other representations or warranties of the seller, unless upon the ground of fraud. Civil Code, § 4268, par. 1; *Tindall* v. *Harkinson,* 19 *Ga.* 448; *Castleberry* v. *Scandrett,* 20 *Ga.* 247; *Collier* v. *Harkness,* 26 *Ga.* 362 (71 Am. D. 216); *Sawyer* v. *Vories,* 44 *Ga.* 663; *Allen* v. *Gibson,* 53 *Ga.* 600, 601; *Mansfield* v. *Barber,* 59 *Ga.* 854; *Haley* v. *Evans,* 60 *Ga.* 158 (2), 159; *Stripling* v. *Holton,* 68 *Ga.* 821; *Stone* v. *Moore,* 75 *Ga.* 565; *Fuller* v. *Brice,* 80 *Ga.* 395 (1), 397 (6 S. E. 17); *Thompson* v. *Boyce,* 84 *Ga.* 497, 503 (11 S. E. 353); *Forsyth Mfg. Co.* v. *Castlen,* 112 *Ga.* 199 (37 S. E. 485, 81 Am. St. R. 28); *Georgia Iron Co.* v. *Ocean Accident Corp.,* 133 *Ga.* 331 (65 S. E. 775); *Pryor* v. *Ludden & Bates,* 134 *Ga.* 288, 292 (67 S. E. 654, 28 L. R. A. (N. S.) 267); *Brannen* v. *Brannen,* 135 *Ga.* 590, 591 (69 S. E. 1079); *Sheffield* v. *International Harvester Corp.,* 3 *Ga. App.* 374 (59 S. E. 1113); *Heitmann* v. *Commercial National Bank,* 6 *Ga. App.* 584 (65 S. E. 590). See also *John A. Roebling's Sons Co.* v. *Southern Power Co.,* 142 *Ga.* 472-477 (83 S. E. 138).

3. The evidence failing to show any deceit or fraud on the part of the plaintiff, it was error for the court to admit parol testimony as to verbal contemporaneous promises of the plaintiff which added to and varied the unambiguous written contract. It was also error for the court to charge upon the subject of fraud, there being no evidence to authorize the jury to find that any fraud or deceit had been practiced by the plaintiff.

4. The construction of a contract which is unambiguous is a question for the court, and not for the jury. Civil Code, § 4265.

5. It has been held that a plea, alleging that a note was renewed or paid by a defendant on the consideration of a verbal promise from the plaintiff (made after the note was executed) to repair defects (known to the defendant) in machinery or other personal property, and that this

21

promise was not kept, and in consequence of the breach thereof the defendant was damaged, is meritorious. *Atlanta City Street-Railway Co.* v. *American Car Co.,* 103 *Ga.* 254 (29 S. E. 925); *Blount* v. *Edison General Electric Co.,* 106 *Ga.* 197 (32 S. E. 113). While this is true, the ruling does not apply in the instant case, where the alleged verbal promise by the plaintiff to make the machine work satisfactorily, pull up stumps, etc., or to refund the purchase-money, was given contemporaneously with the signing of the notes and with the signing of the unambiguous written contract in which the defendant accepted a limited warranty (as to the quality of the material in the machine for one year), and stipulated not to exact anything beyond; and he will not be allowed to introduce by parol anything to add to, take from, or vary his solemn written contract. The court erred in not excluding all the evidence as to the above-mentioned verbal promises of the plaintiff.

6. The defendant, by his admissions in his answer, admitted a prima facie case in the plaintiff, and assumed the burden of proof. This burden he failed to carry, and the finding of the jury in his favor was not authorized by the legal evidence; and the trial judge erred in overruling the motion for a new trial.

7. There were other errors in the charge of the court and in the admission of evidence; but as, under our rulings as above given, they are not likely to be repeated upon another trial of this case, it is unnecessary to discuss them here.        *Judgment reversed. Russell, C. J., dissents.*

DECIDED MAY 10, 1915.

Complaint; from city court of Bainbridge—Judge Spooner. May 8, 1914.

*Harrell & Wilson,* for plaintiff.

*W. H. Krause, P. D. Rich, T. S. Hawes,* for defendant.

WADE, J., concurring specially. To what is said in the rulings announced by the majority of the court I add this special concurrence, merely for the purpose of bringing out some of the facts which appear in the record, and thereby, perhaps, making clearer the reasons for the conclusion reached by Judge Broyles and myself. At the time the notes given for the purchase-price of the machinery sold to the defendant by the Schofield-Burkett Construction Company were signed (a considerable time after the machinery placed in the defendant's possession had been installed and had been in actual operation), there was also signed a contract reciting that the consideration of these notes was the purchase by the defendant from the plaintiff of an excavating machine therein described, title to which was reserved in the vendor until payment of the purchase-price, and making all the remaining notes due and collectible on failure of the defendant to pay any one of them at maturity, and containing also the following recital and waiver:

"The execution of the above notes and this contract is an agreement on my part that the above-described property is accepted by me as being in full conformity with all warranties made by Schofield-Burkett Construction Company, and any objections and all complaints as to any of said property are hereby waived." This agreement under seal was duly executed in the presence of the clerk of the superior court, and immediately under the signature of the defendant was the following provision: "I hereby accept the excavating machine on the following conditions: That the said Schofield-Burkett Construction Company agrees to guarantee the material and workmanship of the said machine for the term of one year from date, against all defects in material, etc." The abbreviation "etc.," following immediately the words "all defects in material," must necessarily be held to include matters which are ejusdem generis. So it appears that this entire proviso or condition, ingrafted in the contract at the time it was signed, amounted only to an express guaranty of the materials and workmanship of the excavating machine for the term of one year, against "all defects in material." It is not contended that the guaranty by its terms covered anything more, or that it included the successful operation of the machinery, or that the machinery was reasonably suited to do the work for which it was purchased; and therefore this proviso in no way destroyed the effect of the solemn written waiver and of the representations made in the body of the instruments, that the maker of the notes, who executed the contract referred to, accepted the property "as being in full conformity with *all warranties* [italics mine] made by Schofield-Burkett Company, and any objection and all complaints as to any of said property are hereby waived." Despite this agreement in writing, executed at the time the notes were executed, which recited that the property purchased was accepted by the defendant "in full conformity" with *"all warranties"* made by the plaintiff, the court allowed the defendant to testify as to certain promises, agreements, and warranties in direct conflict with what the defendant himself asserted in this written agreement; and it appeared, from his testimony, that the promises, representations, or warranties, which he alleged were made to him by Burkett at the time the notes and this contract were executed, were made before the signing of the notes or the contract, to induce the execution thereof. There was no evidence of

fraud, nor does the evidence suggest that any device was used by Burkett to prevent the defendant from reading the conditions of the agreement which he signed, but, to the contrary, it appears that he took the papers submitted to him by Burkett for the plaintiff company to his attorney, and, after he had consulted with his attorney and after the latter had advised him as to the effect of the contract, he executed the notes and the contract in the presence of his attorney.

To my mind, if written contracts must have accorded to them any higher degree of value than parol contracts, and if there be any virtue in the established rule that antecedent negotiations, representations, and in fact everything said between the parties before the making of a written contract, are merged into the contract as written and executed, where no fraud is practiced and no fraudulent device used to induce the execution thereof, it was manifestly error to allow the defendant to testify to representations or promises which contradicted and varied the terms of the valid written instrument executed by him, which declared that there had been full compliance with *all warranties* in reference to the machinery sold—among such warranties being of course the implied warranty, as well as the alleged special warranty shown by some testimony to have been made before the execution of this instrument, that the machine sold was reasonably fitted for the purposes intended. To put the matter in shorter form: The written contract declared that the machinery was accepted as being in full conformity with all warranties made by the plaintiff, whereas the defendant's testimony represented, in direct conflict or contradiction of this agreement, that the plaintiff company, through Burkett, had made a parol contemporaneous warranty as to the value and efficiency of the machinery, and a voluntary agreement to make good any deficiencies other than those expressly referred to in the written proviso ingrafted upon the contract.

I do not think the case of *Atlanta City Street Railway Co.* v. *American Car Co.*, supra, militates against the view expressed above. In that case a *renewal* note was executed in consideration of a promise by the payee to repair certain defects in personal property, for the purchase-price of which the original note had been given, which defects were known to the maker of the renewal note at the time it was executed; and the consideration moving the

maker of the renewal note to execute it was not only the purchase-price of the defective property already received by the maker and for which it had previously given its note, but a material part of the consideration inducing the execution of the renewal note and supporting it was the promise of the plaintiff to repair the known defects then existing in the machinery, since the very fact of renewal might itself support an additional promise or new consideration. In the instant case the contract and the notes executed at the same time were not made in renewal; there were no known defects in the machinery, so far as appears from the writing itself, but the writing declares that the machinery was accepted as being in full conformity with all warranties made by the plaintiff company. Had notes alone been given, containing no representation that all complaints and objections to the property for which they were given had been waived, and reciting that the property itself conformed with all warranties, evidence could of course have been admitted to show that the property was represented as being suitable for the purposes for which it was purchased, or that certain warranties had been made in regard thereto; since the consideration of a note may always be inquired into. The notes sued upon, not being in renewal, and the alleged contemporaneous parol agreement set up by the evidence of the defendant, being wholly without any consideration and in direct contradiction of the recitals in the contract signed at the time, the court erred in admitting them. I do not think that the case of *Blount* v. *Edison General Electric Co.,* supra, has any bearing whatever on the question at issue in this case.

It is urged that a promise to make the machinery do the work desired was made by the plaintiff *after* the execution of the notes and contract referred to, at the time when the first note fell due and the defendant declined to pay it until assured by the plaintiff that the plaintiff would guarantee the future successful operation of the machinery. The exact time when this alleged agreement was made and its precise effect are doubtful, under the evidence, but it appears that the note was past due at that time and the defendant was legally bound to pay it, since he had, by express terms in his contract, already discussed, waived all "complaints" and "objections" to the machinery for which this note was partially given, and had declared that the said machinery fully conformed to

all warranties made by the plaintiff; and there appears to have been at that time absolutely no consideration moving to the plaintiff to make any agreement or promise in reference to the machinery, since the defendant had, by signing the written contract and waiver, precluded the possibility of interposing any defense (unless fraud had been shown), and was therefore bound at law to pay the obligation ultimately, regardless of his wishes or of the facts as to the sufficiency of the machinery to do the required work. In other words, a promise of the sort that the defendant attempted to set up, made at the time the first note fell due, and after the execution of a contract which waived everything in reference to the machinery except the quality of the material which entered into its construction and the workmanship displayed in its manufacture, was a mere naked agreement, as there was no attempt to prove "a new and distinct subsequent agreement" based on a consideration. Civil Code, § 5794. It is nowhere suggested in the record that the materials used in the construction of the machinery and the workmanship were defective in any way, but, on the contrary, it appears that both the workmanship and the material were without defects.

It appears to me that the ruling in *Case Threshing Machine Co. v. Broach,* 137 *Ga.* 602 (73 S. E. 1063), exactly covers the facts of this case. The court there said: "Where the parties have reduced to writing what appears to be a complete and certain agreement, importing a legal obligation, it will, in the absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the whole of the agreement between them, and parol evidence of prior or contemporaneous conversations, representations, or statements will not be received for the purpose of adding to or varying the written instrument. If such writing contains a warranty of some kind or to some extent, parol evidence will not be admitted to extend, enlarge, or modify that which the writing specifies. *Bullard* v. *Brewer,* 118 *Ga.* 918 (45 S. E. 826) ; *Holcomb* v. *Cable Co.,* 119 *Ga.* 466 (46 S. E. 671) ; 2 Mechem on Sales, § 1254; *Fay & Eagan Co.* v. *Dudley,* 129 *Ga.* 314 (58 S. E. 826) ; Seitz v. Brewer's Refrigerating Machine Co., 141 U. S. 510 (12 Sup. Ct. 46, 35 L. ed. 837)." From all of which it is clear to my mind that the court erred in admitting testimony concerning parol contemporaneous agreements, which attempted to vary the terms of a written con-

tract that expressly acknowledged that all warranties had been complied with.

RUSSELL, C. J., dissenting.  The ruling in the first paragraph of the decision is an adjudication by this court that the defendant would be entitled to the verdict rendered in his favor if his plea was sustained by competent legal evidence and the trial free from error; and I therefore concur in that ruling.  I agree also to the ruling in the second paragraph.  Further than this I am not able to agree to the propositions stated by the majority of the court, because I am of the opinion that, under the evidence which the jury preferred to believe, the case falls under the rulings in *Atlanta City Street Railway Co.* v. *American Car Co.,* and *Blount* v. *Edison General Electric Co.,* cited in paragraph 5 of the decision.  While I would not sanction any infraction of the well-settled rule that parol evidence is not admissible to vary or affect the terms of a valid written instrument, it seems clear to me that the breach of a promise concurrent with the written obligation of another party, which promise was made designedly to induce the execution of the instrument, may itself be a fraud, and such a fraud as may avoid the contract, which, but for the false promise, would not have been made.  And, in this view of the case, I am not prepared to say, although there are errors in the charge, that the verdict rendered is not supported by law and evidence, and to hold that the trial judge erred in overruling the motion for a new trial.