35471. MORRIS *v.* JEFF DAVIS MOTORS, INC.

DECIDED FEBRUARY 28, 1955—REHEARING DENIED MARCH 25, 1955.

*James L. Boatright,* for plaintiff in error.

*C. W. Heath,* contra.

NICHOLS, J. ■ The defendant's second amendment to his affidavit of illegality sought to set up the warranty of the manufacturer as a part of the contract, and to allege that it had been breached. While there is no question that the manufacturer's warranty was a part of the conditional-sale contract here sought to be foreclosed, there are no pleadings that the manufacturer breached the terms of its warranty. The conditional-sale contract stated in part: "Seller makes no warranty express or implied, and purchaser accepts delivery under the warranty (if

any) of the manufacturer only." The manufacturer's warranty states in part, "The Ford Motor Company warrants all such parts of new Ford automobiles, trucks and chassis, except tires, for a period of ninety (90) days from the date of original delivery to the purchaser of each new Ford vehicle or before such vehicle has been driven 4,000 miles, whichever event shall first occur, as shall under normal use and service, *appear to it to have been defective in workmanship or material.*" (Emphasis ours.) On the reverse side of this warranty the selling dealer is bound by the following language: "Should the replacement of parts become necessary *under the warranty,* we, the selling dealer, will make the replacement without any charge for the parts or for the labor required to replace them." (Emphasis ours.) Nowhere in the defendant's affidavit does he allege that the plaintiff has breached his part of this warranty by refusing to install any parts furnished by the manufacturer under this warranty, nor under this express warranty is anyone other than the Ford Motor Company given any discretion in determining whether any parts are defective. There is no merit in the contention of the defendant that the trial court erred in disallowing this amendment.

■ The defendant in his affidavit as amended sets forth that the plaintiff's agents misrepresented the condition of the truck to him, in that at the time of the purchase the oil in the truck was two quarts low, and the plaintiff's agents told the defendant that the oil had never been put into the truck, knowing that the truck had been driven with the speedometer disconnected and that the oil had been burned or thrown out. The sale was made upon a conditional-sale contract, which stated that the seller made no warranty, either express or implied. Where the contract has been reduced to writing and no warranty either express or implied is made by the seller, the buyer will not be permitted, *while affirming the contract,* instead of rescinding it, to plead damages by failure of consideration by showing that the seller made false representations with reference to the subject matter of the sale. *Purser* v. *Roundtree & McAfee,* 142 *Ga.* 836 (83 S. E. 958); *Harrell* v. *Holman,* 21 *Ga. App.* 159 (93 S. E. 1021). There is an exception to this general rule, where there are circumstances that the purchaser was fraudulently deceived or he is otherwise excused from reading the contract. See *Purser* v. *Roundtree &*

*McAfee,* page 839 (supra). The next question is whether or not the defendant according to his amended affidavit set forth sufficient circumstances to excuse him (as a matter of law) for not having read the conditional-sale contract before signing it. The defendant states in his amended affidavit that the plaintiff represented to the defendant that the truck was free from defects in material and workmanship, and that the company would make good any defects for a period of 90 days or 4,000 miles. The defendant further alleges that the plaintiff made the false representation to him that the contract was a promise to pay which provided for collateral security, and the company was back of its trucks. None of the reasons assigned appears to be such as would authorize the defendant to sign the contract without first reading it. The law does not afford relief to one who suffers by not using the ordinary means of information that may be at hand. *Miller* v. *Roberts,* 9 *Ga. App.* 511, 512 (71 S. E. 927); *Love* v. *Nixon,* 82 *Ga. App.* 445, 452 (61 S. E. 2d 423) ; *Lewis* v. *Foy,* 189 *Ga.* 596, 601 (6 S. E. 2d 788). It necessarily follows that the trial court did not err in disallowing the defendant's second amendment or in sustaining the plaintiff's demurrer to the affidavit as amended.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*