60307. WILLINGHAM et al. v. WARD TRUCK SALES, INC.

CARLEY, Judge.

In September 1978, appellee-Ward Truck Sales (Ward) sold a used vehicle to appellant-Willingham under an "as is" warranty. The vehicle developed engine trouble and was returned to Ward for repairs. By October 1, 1978, certain service and repair work had been performed by Ward and a bill was submitted to Willingham in the amount of $108.12. Willingham subsequently experienced further difficulties with the truck. It is undisputed that at some point in time Ward and Willingham agreed to each assume one-half of the expense involved in making the necessary additional repairs to the truck although the record does not reveal when such agreement was reached. The total itemized bill on November 3, 1978, was $2,251.60 and contained Ward's written 30-day "Warranty on Engine, Labor & parts." On November 6, 1978, a check was issued to Ward in the amount of $1,233.92, representing $1,125.80 as one-half of the November repair work and $108.12 for the previous work done in October. Apparently the same day, November 6, the truck ceased to operate and had to be towed back to Ward's. On November 7, 1978, Willingham bought another vehicle from Ward, Ward accepting the disabled truck on trade in. On November 14, 1978, Ward was informed that payment had been stopped on the $1,233.92 check from Willingham.

The instant action was commenced by Ward to recover for the repairs represented by the check on which Willingham had stopped payment. Willingham answered, raising the defense of failure of

consideration. After discovery both Ward and Willingham moved for summary judgment. Ward's motion was granted and Willingham's motion was denied. Willingham appeals, asserting error in the trial court's disposition of the motions.

1. Construing the admittedly confusing evidence of record most favorably for Willingham, we are of the opinion that summary judgment was erroneously granted to Ward because the evidence failed to pierce Willingham's defense of failure of consideration. *Purcell v. Armour Packing Co.,* 4 Ga. App. 253 (61 SE 138) (1908); *Case-Fowler Lumber Co. v. Good Roads Machine Co.,* 21 Ga. App. 717 (94 SE 901) (1917). Ward on appeal asserts no real substantive argument in support of the grant of summary judgment, relying for the most part on general statements of the rules of evidentiary construction applicable to summary judgment procedure. The argument that Willingham was precluded from asserting the defense of failure of consideration, being limited under the 30-day warranty to mere repair and replacement of parts to the truck, is meritless. The warranty here was not limited to repair and replacement, as was the case in *Morris v. Jeff Davis Motors, Inc.,* 91 Ga. App. 717 (87 SE2d 119) (1955), or conditioned upon Ward's failure to make repairs within the 30-day period, as was the case in *International Harvester Co. v. Dillon,* 126 Ga. 672 (55 SE 1034) (1906). Rather, the warranty was for the engine, labor and parts and appears to be unconditional. Willingham was entitled to raise the defense of failure of consideration for breach of the contract to repair the truck and, construing the evidence most favorably for Willingham and against Ward, summary judgment was erroneously granted. *Pidcock v. Crouch & Son,* 7 Ga. App. 299 (66 SE 971) (1909). Nor does the fact that Willingham traded the truck to Ward for a new vehicle change the result. If the evidence was uncontroverted that the amount allowed Willingham in trade on the truck had been arrived at in contemplation of the deposited check and that the amount represented thereby ceased to be consideration for the repairs and became consideration for the new vehicle, a contrary result might be reached. Cf. *Sheffield v. International Harvesting Machine Co.,* 3 Ga. App. 374 (59 SE 1113) (1907). However, the affidavit of Ward's agent states that "[t]he repairs and the agreement concerning the payment of the repairs was not part of the sale" of the second vehicle. Thus, apparently there is no dispute that the check was in consideration of the repair work undertaken by Ward and construing the evidence most favorably for Willingham, that consideration failed.

2. However, summary judgment was properly denied to Willingham. Construing the evidence most strongly in favor of Ward, Willingham has failed to demonstrate that no genuine issue remains

with regard to whether the truck's breakdown was in fact the result of Ward's failure to make the repairs for which payment had been made. Thus, the trial court could not decide, as a matter of law, whether there was a failure of the consideration for which the check had been given and, if so, the extent of the failure of that consideration. *Finn v. McAllister,* 46 Ga. App. 230 (167 SE 309) (1932); *Hall v. Southern Sales Co.,* 81 Ga. App. 392, 393 (2) (58 SE2d 925) (1950).

*Judgment affirmed in part and reversed in part. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED JULY 10, 1980 — DECIDED NOVEMBER 14, 1980.

*Frank S. Twitty, Sr.,* for appellants.
*Ralph Smith, Jr.,* for appellee.