BENDER *v.* BENDER.

98  717
106  263

1. A judgment rendered at chambers denying an application for temporary alimony, filed by a wife under section 1741 of the code in behalf of herself and a minor child pending an action for divorce by her against her husband, is, under section 1748 of the code, reviewable upon a " fast " writ of error.

2. Where an applicant against whom such a judgment was rendered did not sue out a bill of exceptions within the time prescribed by law, but instead thereof filed exceptions *pendente lite*, she could not, after the lapse of three terms, and after obtaining a final judgment of divorce, bring the refusal to grant temporary alimony to this court for review by then filing a bill of exceptions and therein assigning error upon the rulings set forth in the exceptions *pendente lite*.

3. Even if the bill of exceptions had been filed in time, and excluding from consideration the evidence alleged to have been improperly admitted, it does not appear that there was any abuse of discretion in refusing to grant the application for temporary alimony.

July 20, 1896.  By two Justices.

Application for alimony.    Before Judge Lumpkin. Fulton superior court.    September term, 1895.

*E. M. & G. F. Mitchell,* for plaintiff.
*Bishop, Andrews & Hill,* for defendant.

LUMPKIN, Justice.

On the 12th day of February, 1894, Mrs. Bender brought an action for a divorce against her husband. Immediately thereafter, she filed an application for temporary alimony in behalf of herself and a minor child. This application was heard and denied on the 22d day of March, 1894, and the plaintiff filed exceptions *pendente lite.* Two verdicts in the divorce case were subsequently rendered in her behalf, the first at the September term, 1894, and the second at the September term, 1895. A judgment of divorce was entered in accordance with these verdicts. This judgment was silent as to alimony. After its rendition, Mrs. Bender filed a bill of exceptions, assigning error upon her exceptions *pendente lite* above mentioned, but making no assignment of error in the divorce case proper. In other words, she undertook in the manner stated, after the adjudication of that case in her favor, to bring to this court for review the judgment refusing her application for temporary alimony.

1. The first section of the act of October 28th, 1870, "to extend the provision for alimony to the family of the husband," etc., now embodied in section 1741 of the code, provides that the presiding judge "may, either in term or vacation, grant alimony, or decree a sum sufficient for the support of the family of the husband dependent upon him and who may have a legal claim upon his support, as well as for the support of the wife." Under this law, a wife who has instituted a libel for divorce against her husband may, while the same is pending, apply to the judge for temporary alimony in behalf of herself and a minor child; and under section 1748 of the code, which is taken from section 5 of the act of 1870, any judgment rendered upon such an application shall be the subject of a writ of error, and on the same terms as in injunction cases. It is therefore clear that, independently of the *status* of the divorce case, Mrs. Bender had an undoubted right to bring to this court

by a "fast" writ of error the judgment denying her application for temporary alimony.

2. She did not choose to pursue this course, but instead thereof, filed exceptions *pendente lite* to that judgment, which she allowed to remain pending in the trial court until after the final disposition therein of the divorce case. For many purposes, the law regards the application for alimony and the action for divorce as entirely separate and distinct proceedings. This is manifest when it is remembered that the statute conferred upon Mrs. Bender a clear and undoubted right to have a speedy review upon its own merits of the judgment rendered in the alimony proceeding. She did not avail herself of the remedy thus extended to her; and we entertain no doubt that it is too late, after the lapse of three terms of the court, and after the determination of the divorce case in her favor, for her, by filing a bill of exceptions in that case, to go back and bring up the action of the judge complained of in her exceptions *pendente lite*. There is no law, nor any precedent of which we are aware, sanctioning such a practice; and therefore, even if the judgment she now seeks to enforce was wrong, she has lost her right to have it corrected by her own *laches*.

3. We did, however, while consulting upon this case, look into the merits, and our conclusion was that even if a proper bill of exceptions had been filed in time, the result would have been the same; for it does not appear, under the facts disclosed by the record, that the trial judge abused his discretion in refusing to grant the application for temporary alimony.    *Writ of error dismissed.*