HARDIN, administratrix, *v.* DOUGLAS *et al.*

HILL, J. The jury having rendered a verdict, the defendants made a motion for a new trial, which was granted. The plaintiff did not file a direct bill of exceptions complaining of the judgment granting a new trial, but presented exceptions pendente lite to the judgment, which were duly certified and filed as a part of the record in the case. Subsequently when the case was called for trial the defendants submitted a written demurrer to the petition as amended, and at the same time made an oral motion to dismiss the petition. The oral motion was sustained, with leave to the plaintiff to amend within ten days. Without offering to amend, the plaintiff came by direct bill of exceptions, assigning error on the judgment dismissing the case; also assigning error

upon her exceptions pendente lite to the former judgment granting a new trial. The assignment of error upon the motion to dismiss the petition does not disclose the ground upon which the motion was based, without resort to recitals in the judgment, which were not made a part of the assignment of error. *Held:*

1. The assignment of error in the bill of exceptions upon the motion to dismiss the petition was too indefinite to present any question for decision by this court.

2. When the judge granted the motion for new trial, the remedy of the respondent was by direct bill of exceptions to this court, and assignments of error in that judgment, based solely upon the exceptions pendente lite, will not be entertained.

*Writ of error dismissed. All the Justices concur, except Fish, C. J., absent.*
FEBRUARY 28, 1917. REHEARING DENIED MARCH 2, 1917.

Equitable petition; from Fulton. Motion to dismiss.

*T. B. Higdon, Lowndes Calhoun,* and *D. T. MacKinnon,* for plaintiff. *Rosser & Brandon, George Westmoreland; A. C. Broom,* and *E. L. Douglas,* for defendants.