### TAYLOR *v.* CLEGHORN BROTHERS.

No. 9443. MARCH 20, 1933.

*Beall & Beall* and *Astor Merritt,* for plaintiff in error.

*J. W. Cole* and *Willis Smith,* contra.

GILBERT, J.  In a proceeding in the city court of Carrollton to foreclose a materialman's lien, a judgment was rendered in favor of the materialman, and execution was levied on real estate.  A claim was interposed by John C. Taylor, and was duly returned to the superior court.  At the trial in that court on October 4, 1932, the claimant moved "to dismiss said suit," for three stated reasons, which motion was overruled.  There was no exception pendente lite to that ruling.  When subsequently the motion for a new trial was overruled, a bill of exceptions, complaining of the refusal "to dismiss the suit," and of the judgment overruling the motion for new trial, was presented to the judge for certification on December 8, 1932, and was signed by the judge on December 9, 1932.

■ Under the rulings in *Cunningham* v. *Strom,* 144 *Ga.* 324 (87 S. E. 20), and *Birmingham Finance Co.* v. *Chisholm,* 162 *Ga.* 501 (134 S. E. 301), the exception to the ruling on the motion to dismiss the "suit" was tendered too late; and that portion of the writ of error can not be considered by this court.  It does not appear from the record when the term of the superior court at which the claim was tried adjourned.  In this instance that is immaterial, because, under the Civil Code (1910), § 6152, the bill of exceptions must be tendered in all cases within sixty days from the date of the judgment rendered, which was not done in this instance.

■ The three special grounds of the motion for a new trial complained that the court erred in overruling the motion of Taylor "to dismiss said suit" because (1) the verdict was rendered at the first term; (2) the suit was not brought within twelve months from the date same became due; (3) the judgment did not follow the verdict.  The motion in the superior court to dismiss the suit in the city court of Carrollton, which had terminated in judgment, was properly overruled.  Moreover, the motion was equivalent to a demurrer, and a judgment overruling a demurrer can not be made a ground of a motion for new trial.  *Brandon* v. *Akers,* 134 *Ga.* 78 (67 S. E. 540) ; *Tompkins* v. *American Land Co.,* 139 *Ga.* 377 (2) (77 S. E. 623), and cit.

■ The verdict was supported by evidence.

The petition filed by Cleghorn Brothers in the city court of Carrollton, together with the entries of service thereon and the order of the judge of that court extending the time for the appearance term in the case of one of the defendants, are physically attached to the transcript of the record, but do not properly constitute any part thereof. Those documents are not included in the brief of evidence. The bill of exceptions specified the original petition; but the original petition, having been filed in the city court of Carrollton and not in the superior court of Carroll County, is not such a part of the record in this case as may, under the law, be specified and sent up to this court. Civil Code (1910), § 6140.

*Judgment affirmed. All the Justices concur.*