## PITCHFORD *v.* HAMRICK *et al.*

No. 15596. OCTOBER 8, 1946. REHEARING DENIED NOVEMBER 16, 1946.

*Alex M. Hitz* and *Alex C. King,* for plaintiff in error.

*James A. Branch, Thomas B. Branch Jr., Spence & Spence, William G. Grant,* and *Morgan Belser,* contra.

CANDLER, Justice. (After stating the foregoing facts.) ■ The defendant, Mrs. Pitchford, did not come to this court within 30 days from the final trial of the case on a direct bill of exceptions assigning error on the ruling complained of in the exceptions pendente lite; but the assignment of error on the ruling is made in a bill of exceptions based on the judgment sustaining an oral motion to dismiss a written motion, which she made more than 30 days after the final and supplemental decrees had been rendered. A party can come to this court by a direct bill of exceptions assigning error on pendente lite exceptions, without making a motion for new trial, if the ruling complained of in such exceptions necessarily affects the final result of the case, adversely to that party, as provided in the Code, § 6-804; or if the ruling complained of, if rendered as contended by the excepting party, would have been a final disposition of the case, as provided in § 6-701. *Reed* v. *Warnock,* 146 *Ga.* 483 (91 S. E. 545). But if, as here, neither is done and no valid motion for new trial is filed,

then the exceptions pendente lite die when the time has expired for excepting to the final judgment. The final decree was granted March 14, 1946, and the supplemental decree was granted April 22, 1946. The written motion to vacate and set aside the final and supplemental decrees was filed May 27, 1946. The bill of exceptions was certified July 3, 1946. More than 30 days having elapsed since the date when the final and supplemental decrees were granted before there was any attempt to assign error on the ruling complained of in the exceptions pendente lite, such an exception now comes too late and can not be considered. *Bender* v. *Bender,* 98 *Ga.* 717 (2) (25 S. E. 924).

■ In *Hardin* v. *Douglas,* 146 *Ga.* 580 (91 S. E. 683), this court said: "The assignment of error upon the motion to dismiss the petition does not disclose the ground upon which the motion was based, without resort to recitals in the judgment, which were not made a part of the assignment of error. *Held:* 1. The assignment of error in the bill of exceptions upon the motion to dismiss the petition was too indefinite to present any question for decision by this court." The grounds contained in the oral motion to dismiss the movants' written motion to vacate and set aside the final and supplemental decrees nowhere appear in the record. The effect of the brief submitted by counsel for the plaintiff in error is to say that they may be inferred from what is said in the judgment complained of, which, however, was not made a part of the assignment. Assuming that this may be true, but after looking at the judgment not holding that it can, this court has very recently held in *Harrison* v. *Lovett,* 198 *Ga.* 466, 473 (31 S. E. 2d, 799): "Each ground of a motion for new trial must be complete and understandable within itself; and reference to other grounds, the brief of evidence, the charge of the court, or to other parts of the record, should not be required in order to understand assignments of error. Such rulings have been so often announced by this court that citations are unnecessary." This assignment of error was too incomplete to present any question for decision by this court.

It follows from what has been said that the motion to dismiss the writ of error must prevail.

*Writ of error dismissed. All the Justices concur.*