37480. HENRY *v.* DAVIS, Judge.

Decided December 2, 1958.

*Frank M. Gleason,* for petitioner.

TOWNSEND, Judge. 1. Where error is assigned upon the judgment entered upon an oral motion to dismiss a case or some part thereof, an assignment of error which does not disclose the grounds upon which such oral motion was based is insufficient

to present any question for adjudication. *Hardin* v. *Douglas*, 146 *Ga.* 580 (91 S. E. 683); *Pitchford* v. *Hamrick*, 201 *Ga.* 631 (2) (40 S. E. 2d 211). Bearing this requirement in mind, it is nevertheless not the function of a bill of exceptions to set forth long and irrelevant portions of the record including colloquies between the court and counsel. Code (Ann.) § 6-901 provides only that the bill of exceptions "shall specify plainly the decision complained of and the alleged error, and shall be signed by the party or his attorney" and "assignments of error in the bill of exceptions need not set out therein portions of record or transcript of evidence, nor shall it be necessary that the grounds thereof be complete in themselves, but shall point out such parts of the record or brief of the evidence by page number as are necessary to an understanding of the error complained of." Accordingly, the matter objected to in grounds 1 and 3 of the trial court's objections to the bill of exceptions, which together contained over 12 pages of colloquy between court and counsel, was improperly included in the bill of exceptions, and the trial court had a right to insist that the same be deleted before he appended his certificate thereto. On the other hand, grounds 2 and 4, which would only have allowed the applicant to insert in lieu thereof that "the court overruled the motion to dismiss" which refers to the oral motion to dismiss the application and that "the court sustained the motion of C. L. Crabtree to dismiss the protest" is not sufficient, since movant also has both the right and duty to state in substance the grounds upon which the oral motions were made, and must do so before his bill of exceptions will present an issue that can be determined by this court.

2. Under Code (Ann.) §§ 6-801 and 24-3611, the appellant is required to specify, the trial court to certify, and the clerk to transmit those portions of *the record in the case* material to a clear understanding of the errors complained of. The response of the trial judge to the mandamus nisi which, under Code § 6-910 (2) cannot be traversed, reveals that the notice stapled to the plat at the time it was returned to the court of ordinary, although sent up with other papers on appeal to the superior court, was never introduced in evidence and is no part of the

record in the superior court. Since this document is not such as becomes a part of the record as a matter of law merely because it was returned to the court of ordinary and sent up to the superior court as a part of the papers thus returned, and since it appears that it was not introduced in evidence and thus made a part of the record as a matter of fact, it may not be specified in the bill of exceptions and certified by the clerk as a part of the record in the case. *Taylor* v. *Cleghorn Bros.*, 176 *Ga.* 778 (4), (168 S. E. 773); *Maloy* v. *Maloy*, 134 *Ga.* 432, 441 (68 S. E. 80). The judge did not err in requiring, in objection number 6, that the specification of this document as a part of the record be deleted from the bill of exceptions.

3. The trial judge also in objection number 7 required that the bill of exceptions include the following: "There was offered and received by the court documentary evidence in behalf of plaintiff, C. L. Crabtree consisting of the map or plat of the Surveyor, B. G. Justus, and his certificate attached thereto and the return of the processioners. The court permitted and received such documentary evidence and overruled objections of the defendant Rex Henry." Since in order for this documentary evidence to be a part of the record it must appear in the approved brief of the evidence (*Taylor* v. *Cleghorn Bros.*, 176 *Ga.* 778, supra), it would be improper for this matter to appear in the bill of exceptions unless it was so introduced in evidence, and, if it was, it will appear in the approved brief of evidence which is specified. However, as to that part of the objection which required the insertion of the following: "A jury was selected, empaneled, and sworn to try the case," a recital of this fact in the bill of exceptions was properly demanded by the trial judge.

Since some of the objections offered to the bill of exceptions were valid, and the movant failed to comply in such manner as to retender the document in proper form, the petition for mandamus absolute to compel the respondent to sign the bill of exceptions in its present form is denied.

*Mandamus absolute denied. Gardner, P. J., and Carlisle, J. concur.*