### JONES v. METHVIN.

1. A slight error in the spelling of the name of the insured in a policy of life insurance will not, after his acceptance of the policy, constitute a valid defense to an action upon a promissory note given for the amount of the first premium due upon the policy, unless it affirmatively appears that, after discovering the error, the insured made a proper request for its correction, and the same was refused.

2. Where the insured mailed such a policy to the plaintiff's agent, the former took the risk of the mails; and even if the policy had been accompanied by a communication distinctly pointing out the error and requesting its correction, but in fact these documents never reached the agent, the plaintiff would not be chargeable with any notice of the defect in the policy

v 97-29

nor with the consequences of a failure to remove the same by having the appropriate correction made. In no event was the error in question, of itself alone, cause for rescission.

October 21, 1895.

Complaint on note. Before Judge Smith. Twiggs superior court. April term, 1895.

*R. V. Hardeman & Son*, for plaintiff.

*L. D. Moore*, for defendant.

LUMPKIN, Justice.

This was an action by Jones against Methvin upon a promissory note signed by the latter and payable to the order of the former. It was given in payment of a premium upon a policy of life insurance issued by an insurance company to Methvin upon his application, but procured through Jones. When the policy was tendered to Methvin, he accepted it, not noticing at the time that his name was therein improperly spelled "Methoin." After making this discovery, the defendant (according to his testimony) mailed the policy to the company's agent from whom he had received it, enclosing the same in a letter. There was evidence from which it could be inferred that no such letter was ever in fact written; and it seems quite certain that, if written at all, the defendant did not point out the misspelling of his name and request a proper correction, or otherwise indicate in what respect he was dissatisfied with the policy, or state any reason for the return of it. It clearly appeared that the agent received neither the letter nor the policy; and it was not even contended that the insurance company itself was ever notified of the error in the policy, or that it had any knowledge whatever of its alleged return to the agent.

The jury found for the defendant. We think the verdict was manifestly wrong. The defense set up seems to us absolutely without merit. Notwithstanding the slight error in the spelling of Methvin's name, the policy was doubtless binding upon the company; and though it was

unquestionably the right of the insured to have a policy literally correct in this respect, if he so desired, it was his duty to present a proper request for its correction. Had such a request been made and refused, the case would have been altogether different. It is quite plain, however, he did not in good faith attempt to have a correction made. According to his own testimony, he mailed the policy to an agent of the company, accompanying it with some kind of a nondescript letter, the contents of which are not disclosed, but in which he utterly failed to state his reason for returning the policy, or to indicate what, if any, objection he had to it. Even if this letter reached the agent, it would have been totally insufficient to charge either the company or its agent with any notice of the defect in the policy, or with the consequences of a failure to remove the same by having the appropriate correction made. About the only idea the agent could gather from the return of the policy enclosed in a letter of this kind would be, that the insured was simply endeavoring, without good cause, to repudiate his contract and escape liability upon his premium note. In other words, the defendant's method of dealing with this policy—taking him at his own word—was neither ingenuous nor fair; and his defense, based upon such conduct, is entitled to but little consideration.

His defense was, however, bad for another and still stronger reason. It affirmatively appears that neither the policy nor the alleged letter ever reached the hands of the agent. In sending these documents in the manner stated, the defendant took the risk of the mails, and he therefore cannot complain if the papers failed to reach their destination. It was incumbent upon him to take the proper steps to have the policy corrected. Assuming that the letter he claims to have written had any existence in fact, and was all that it should have been, it was his business to see that it reached the company's agent. The means of transportation selected by himself utterly failed to accomplish this

result; and consequently, he stands in no better position than if he had made no effort whatever to return the policy.                    *Judgment reversed.*