### 1892.  McDANIEL *et al.* v. MALLARY BROTHERS MACHINERY CO.

1. Where a contract prescribes conditions precedent to a party's right to set up a cause of action or defense, and the terms are reasonable, the opposite party may usually successfully plead a failure to comply with the conditions, as a reason for the court's refusal to entertain the action or defense.   But forfeiture of rights is not favored, and the courts

will readily seize upon circumstances arising in the subsequent conduct or transactions of the parties and imply a waiver, in order to prevent a forfeiture because of non-compliance with formal prerequisites.

2. Ordinarily, when a purchaser renews a note or other obligation given for the purchase-price of property, and knows at the time of the renewal that the property is defective, he can not thereafter be heard to complain of the defects as a defense. The rule is subject to exceptions, and is not applicable where a renewal note is given under such circumstances as to indicate that it was given and taken with a contrary understanding.

3. The evidence did not demand a finding in the plaintiff's favor for the full amount. The court therefore erred in directing the verdict, which was to that effect.

Complaint, from city court of Bainbridge—Judge Harrell. March 17, 1909.

Argued June 25,—Decided November 9, 1909.

*M. E. O'Neal, Donalson & Donalson,* for plaintiffs in error.

*E. P. Mallary, A. H. Russell, T. S. Hawes,* contra.

POWELL, J. The suit was upon a series of promissory notes. The defendants pleaded that the notes were given for the purchase-price of certain machinery which was warranted to be of good material, in good condition, and capable of doing as good work as any machinery of similar size and style; and set up both total and partial failure of consideration. It appears, from the testimony, that the machinery was bought under written contract. The warranty clause therein, which is controlling upon the rights of the parties in the present case, is in the following language: "Warranty as to title, make, capacity and condition of machinery: Vendor warrants the title to said property, and the machinery is further warranted to be of good material, in good condition, and, with proper care and usage, to do as good work as any machinery of similar size and style. Purchasers, however, must make a test of said machinery within thirty days from the date of the above-mentioned notes; and if it will not bear the above warranty, written notice stating wherein it fails shall be given by registered letter ten days from such test. Mallary Bros. Machinery Co. [the seller] is then, within a reasonable time, to repair the defective parts or remedy the defect, with the friendly assistance of the purchasers, the purchasers making no charge for their services. This warranty is not good for longer than thirty days specified, and there is no further warranty on the above-

54

described machinery than those above set forth. Mallary Bros. Machinery Co. shall not be held responsible for any damage sustained by purchasers on account of delays caused by breakage or defects of any kind."

If the defendants' testimony is to be believed, there was a very material, if not total, breach of this warranty, in that the machinery was very defective and practically worthless. One of the defendants testified that within ten days after the notes were given, he addressed a letter to the plaintiff, complaining of the defects and requesting that a man be sent to remedy them. It was conceded that this letter was not registered. It appeared, however, that in reply to it the plaintiff sent a representative, who admitted the existence of the defects and attempted to remedy them at the time, but failed to do so, and left the defendants' premises with the assurance that the machinery would be put in good condition, so that it would comply with the warranty. In the meantime one of the notes matured, and the defendants renewed it by giving another note. They testified, however, that this renewal note was given as a result of the promise and assurance of the plaintiff that the machinery would be put in good condition, so as to comply with the warranty. This states the facts most favorably to the defendants; but as the exception is to the directing of a verdict in the plaintiff's favor, this is the proper manner in which this court should view them. So, too, it is unnecessary for us to state the other facts in the record which tend to militate against the proposition announced above, since these would have been matters for solution by the jury, and not to be disposed of by the court through the direction of a verdict.

1. The solution of the questions presented by the direction of the verdict on the facts of the case is attended with some difficulty. In the first place, the parties had made a definite, explicit, though as against the defendants a stringent, contract, upon the subject of warranties and complaints of defects. Such contracts, however, are binding upon the parties, in the absence of fraud. *Fay & Egan Co.* v. *Dudley*, 129 *Ga.* 314 (58 S. E. 826) ; *International Harvester Co.* v. *Dillon*, 126 *Ga.* 672, 676 (55 S. E. 1034). The contract before us required the defendants to make their complaint by registered letter; and the letter which the proof shows was sent was not registered. Prima facie, this fact would defeat their

right to plead the breach of the warranty. However, the express terms of contracts may be waived by the parties. This is a principle of law well recognized and of practically universal operation. Insurance contracts have been prolific of instances as to which the doctrine has been applied. Further, it may be stated as a general proposition, that wherever a contract provides for the forfeiture of rights on account of the failure of one of the parties to comply with certain express conditions as to notice, complaint, or things of that nature, courts will readily seize upon any fact or circumstance growing out of the conduct of the parties, tending to show a waiver of strict compliance, and will seek to avoid the forfeiture and to leave the actual merits of the case open to investigation. It is no less a forfeiture when a defendant agrees to give up a defense, as the penalty for his failure to comply with some condition precedent, than it is for a plaintiff to agree to give up a right of action under similar conditions. A forfeiture is as truly enforced when the maker of a note is caused to pay it, in the face of a failure of consideration, because of some non-compliance on his part with stipulated prerequisites, as it is when a plaintiff (say the holder of an insurance policy) loses his cause of action because he has failed to comply with some formal term of the contract. As readily in the one case as in the other should the courts imply a waiver of strict performance.

Returning to the facts of the present case: The plaintiff had a right to refuse to notice any complaint which was not sent by registered mail. *International Harvester Co.* v. *Dillon,* supra. As was said there, "The plaintiff was under no obligation under the contract to send a man to make the machine work, unless it· received a written notice of the character provided for in the contract." The plaintiff, however, did not neglect the notice, but apparently accepted it as sufficient; for it sent a representative in response. It must be held that this conduct operated as a waiver. It may be seen that the act of sending the man in response to the notice naturally had the effect of leading the defendants to believe that strict compliance with the letter of the contract would not be required. If the plaintiff had ignored the defendants' unregistered communication, the latter could thereafter and within the thirty days have sent the registered notice. It is true that to recognize waiver under these circumstances

tends to defeat in part the object which the plaintiff had in inserting into the contract the stipulation for registered notice. It allows parol proof, where the plaintiff intended that there should be but one certain, specific character of written proof. The object of the stipulation was, doubtless, to cut off all controversy, as to the sending of the notice and as to the making of the complaint, except such as might arise out of the question as to whether there was in fact a registered letter sent—a matter, of course, of easy proof and little susceptible of controversy; and yet it would be contrary to cardinal and well-developed principles of our law, applied daily in other transactions of a kindred nature, to refuse to recognize a waiver under the circumstances. For example: in a case against a telegraph company, though it appear that the sender has stipulated that the company shall not be responsible for damages unless written notice thereof is given within thirty days, it is uniformly held, in this State, that if damages occur and the sender of the message gives only verbal notice, and the company accepts it without complaint, or acts upon it, a waiver of the condition requiring writing ensues. See *Hill* v. *Telegraph Co.*, 85 *Ga.* 425, 430 (11 S. E. 874). The same doctrine has been applied to special contracts with common carriers. *Arnold* v. *L. & N. R. Co.*, 4 *Ga. App.* 519 (61 S. E. 1050), and cit. *Carter* v. *Sou. Ry. Co.*, 3 *Ga. App.* 34, 35 (59 S. E. 209). Time and again has it been applied in insurance cases. As to that branch of the law the principle is so familiar as to require no citation of authority. Indeed, section 3642 of the Civil Code is declaratory of one phase of this well-recognized doctrine. We conclude, therefore, that the court was not justified in directing the verdict on the ground that the defendant had not complained of the defects by registered mail.

2. The defendants with notice of the defects renewed one of the notes. Ordinarily, this would have closed their mouths from defending further on account of the breaches of warranty then existing. *Edison Electric Co.* v. *Blount,* 96 *Ga.* 272 (23 S. E. 306); *Atlanta Con. Bot. Co.* v. *Hutchinson,* 109 *Ga.* 550 (35 S. E. 124); *Hogan* v. *Brown,* 112 *Ga.* 662 (37 S. E. 880); *Sheffield* v. *International Harvester Co.,* 3 *Ga. App.* 374 (59 S. E. 1113). But circumstances alter cases. These notes, it will be remembered, were given in consideration of a promise to be performed by the

payees—that is to say, upon the consideration that the payees would deliver to them specified machinery, would cause it to come up to a certain standard, and would, upon complaint, repair the defective parts or remedy the deficiencies. According to the evidence, the defects existed, complaint thereof was made, the existence of the defects was acknowledged, and the sellers were attempting to carry out their contract of making the repairs and remedying the defects, and were still promising yet to perform their agreements fully, at the time the renewal note was given. To quote the testimony of one of the defendants, "We paid one of the notes after it fell due, by renewal, but would not have done so, and would have discontinued to try to operate this mill before we did, but were induced by their repeated assurances that the mill was all right, and that if it would not do the work, that they would fix it so it would, which assurances on the part of the plaintiff caused us to continue to try to operate this machinery." We understand that where renewal notes are given under such circumstances as these, there is no implication of law that the parties are thereby attempting to adjust the past differences or to shut off defenses arising out of past complaints, but that the transaction is to be understood merely as extending the time within which each of the parties is to perform his contract. To state it a little differently and more specifically, as applied to the case before us: the plaintiff's breach of warranty was not unconditionally consummated at the time the renewal note was given, for the reason that the warranty and the concurrent promise on the part of the plaintiff was not merely that there would be no defects, but that if there were defects the plaintiff would repair and remedy them. Until the plaintiff had had full and reasonable opportunity, according to the terms of the contract, of remedying any deficiencies, the breach was not complete, and did not give a cause of action or defense to the defendants. Compare *International Harvester Co.* v. *Dillon,* supra, especially division 3. The proposition, in general outline, bears such a strong similarity to that involved in *Jesse French Co.* v. *Barber,* 5 *Ga. App.* 344 (63 S. E. 233), as to make that precedent somewhat authoritative.

3. The testimony of the defendants made out at least a partial failure of consideration, and furnished sufficient data from which the jury might have made a reduction of the amount of the plain-

tiff's demand. It follows that the court erred in directing the verdict in the plaintiff's favor for the full amount claimed.

*Judgment reversed.*