[No. 8637.    Department One.    June 16, 1910.]

HENRY H. JOHNSON, *Respondent*, v. PACIFIC BANK & STORE FIXTURE COMPANY, *Appellant*.[1]

PLEADING—AMENDMENT—WAIVER OF OBJECTIONS. The allowance of the filing of a so-called supplemental complaint as an amended complaint cannot be urged as error after issue joined and trial and judgment on the merits.

MASTER AND SERVANT—EMPLOYMENT—CONTRACT—CONSTRUCTION— TERMINATION—SALARY. A contract of employment for one year, which provided for sixty days' notice in the event of a discharge without fault of the employee, entitled the employee to salary for that period in the event of his summary discharge before the expiration of ten months, or to one year's salary if discharged after ten months.

SAME. A contract of employment wherein the employee is guaranteed one year's employment, or the expense of moving to the Pacific coast if discharged before the expiration of one year, does not entitle him to more than one year's salary, if discharged during the year.

[1]Reported in 109 Pac. 205.

Appeal from a judgment of the superior court for King county, Gay, J., entered June 28, 1909, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Modified.

*H. E. Foster,* for appellant.

*Corwin A. Townsend* and *Allan R. Joy,* for respondent.

CHADWICK, J.—On February 16, 1908, plaintiff began service with defendant's predecessor as superintendent and general manager of its business. Defendant succeeded to the interests of the contracting party, and the employment was continued under the original contract. At the time the contract was made, plaintiff was a resident of Wauwatosa, Wisconsin. That part of the contract material to our present discussion follows:

"It is further agreed by the parties to this instrument, that if either party wishes to terminate this contract, the other party not being in fault, the party so desiring to terminate the agreement shall give sixty (60) days' notice in writing to the other party of such desire to sever the relationship."

Following the original draft of the contract, there was some correspondence between the parties. In a letter addressed to defendant's president, plaintiff said:

"In regard to the contract which your attorney drew up, I see nothing objectionable in this contract except the sixty day clause which he has added. . . . If, however, you desire to insert a clause allowing for sixty days' notice, I will not object to it, provided you put in a clause guaranteeing me the expense I am put to in moving from Milwaukee to Seattle, provided you desire to terminate the contract before my year expires. If you will stop to consider the matter you will see my position is right, as I am going to an expense of between four and five hundred dollars to make this change, and I cannot afford to make it unless you guarantee the expenses, or guarantee me one full year's work at the rates agreed upon in the contract."

In reply the president said:

"I have told my attorney to insert in the contract the clause you speak of guaranteeing your expenses making this change if for any reason I should want to terminate the contract before the end of the year. Regarding the sixty days' notice clause, I certainly had no idea that any condition should arise that might compel either of us to terminate the contract before the year is out, or at the end of the year. It was simply a suggestion of my attorney to guard against contingencies. I send you the contract with the clause inserted, and trust you will find it satisfactory."

Plaintiff continued in the employ of defendant until December 5, 1908, as the jury found, when he was summarily dismissed by the "overt act of defendant," as the complaint says and the testimony confirms. Defendant refused to pay more than one-half of the November salary, and on December 3 plaintiff began an action for $104.17, and on December 7 he filed what he termed a supplemental complaint setting up his whole cause of action; that is, a breach of the contract, and demanding $104.17 for salary unpaid in November, $34.70 for five days' time in December, $416.34 due under the sixty-day clause in the contract, and $408.45 for moneys expended in moving himself and family from Wisconsin to Seattle. He recovered the full amount demanded, and defendant has appealed.

It is first urged that the court erred in refusing to strike the so-called supplemental complaint from the files, as improperly filed and containing matter improper to be set up in a supplemental complaint. The trial judge held the second complaint to be an amended complaint and not supplemental to the original complaint. This, we think, was proper. The character of the pleading will not be measured by the style or title affected by the pleader, but rather by reference to its substance. The pleading complained of set up respondent's whole cause of action. Appellant answered, and every difference existing between the parties was tried out on the merits. To send the case back upon a ground so technical,

after verdict and judgment, would be to sacrifice substance to form, a condition from which the law is happily emancipating itself.

It was the theory of the lower court that the salary for the sixty days was due as liquidated damages, and much of the brief is taken up with the question whether it is or, as appellant contends, a penalty which will not be enforced in terms. To follow the argument of counsel can avail nothing. It is enough to say that the parties were competent to contract, and did provide that, in the event of a discharge without fault of the respondent, he should have sixty days' notice. This can mean but one thing, that is, that appellant would continue respondent's employment for sixty days or, in the event of summary dismissal, would pay his salary for that time. Appellant is bound by the terms of its contract, and was properly charged with the added salary.

We cannot, however, follow the court in the allowance of the expenses of moving the respondent and his family from Wisconsin to Seattle. The gist of the contract is that respondent should have employment for one year at a stated salary. Respondent has put his case more clearly than we can in the letter quoted above. It will be seen that he says that he could not afford to make the change unless guaranteed one year's salary. It is evident that, if respondent recovers a year's salary, he cannot recover pay for sixty days in addition thereto, or the expense of moving. He is entitled to sixty days within the year but not beyond it. If respondent had been discharged at six months, he would recover eight month's salary and the cost of moving; if at ten months, he would recover for the year, but nothing for the cost of moving. He is entitled to one year's salary, and when he recovers it, the contract, which being construed in the most favorable light for respondent is nothing more than a guaranty of one year's salary, is fully performed.

Respondent is therefore entitled to recover salary from November 15, to February 11, or $597.17. The judgment

will be reduced to cover this sum. This case will be remanded with instructions to the lower court to so modify its judgment. Appellant will recover costs in this court.

RUDKIN, C. J., FULLERTON, MORRIS, and GOSE, JJ., concur.