# CASES

## DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

### AT THE

## MARCH TERM, 1924

14786. FORTSON *et al. v.* JENNINGS.

The renewal note sued on was not subject to the defense set up, based upon alleged misrepresentations in the sale of the partnership interest for which the original note was given; and the court did not err in directing a verdict for the plaintiff.

The rulings complained of as to the admissibility of evidence, even if erroneous, do not require a new trial.

DECIDED MARCH 6, 1924. REHEARING DENIED APRIL 15, 1924.

Complaint; from Wilkes superior court—Judge Shurley. June 5, 1923.

Application for certiorari was denied by the Supreme Court.

*William Wynne, Colley & Colley,* for plaintiffs in error.

*Clement E. Sutton, A. W. White,* contra.

LUKE, J. Jennings sued Fortson and another on a promissory note. The defendants admitted a prima facie case and assumed the burden of proof. They pleaded that Jennings and Fortson were formerly copartners; that Fortson purchased Jennings' interest and assumed his liabilities in the partnership business; that the note sued on was given by Fortson as principal, and the other defendant as surety, to cover a part of such purchase price; that the agreement as to the purchase price was induced by an inventory of the firm's assets and liabilities, prepared by Jennings, in which he falsely and fraudulently omitted certain liabilities of the firm and incorporated assets not possessed by it; that, because of such fraud on the part of the plaintiff, the note was void; and that, if the note should not be adjudged void for fraud, the defendants

1

should at least recoup for the items thus wrongfully included in and omitted from the inventory. The sufficiency of the plea does not appear to have been tested by demurrer. From evidence which is uncontradicted it appears that the alleged contract was made on November 8, 1920; that in January, 1921, accountants employed by Fortson prepared for him a complete and accurate inventory of the assets and liabilities as of December 31, 1920, furnishing him with a written statement thereof on January 10, 1921; that Fortson thereafter, on January 15, 1921, made a part payment on the first note given by him and gave a renewal note for the balance, dating it as of January 1, 1921, the renewal note being the one now sued on; and that, although Jennings remained with the business as Fortson's employee until May, 1921, Fortson made no complaint to him respecting any of the matters and things now set up by the defendants until suit was brought on the renewal note.

(a) The direction of a verdict for the plaintiff was not erroneous. *McDaniel* v. *Mallary,* 6 *Ga. App.* 848 (2) (66 S. E. 146).

(b) Rulings on the admission of evidence, of which complaint is made in the motion for a new trial, even if they appear to be erroneous, are not of such a nature as to affect the controlling features of the evidence stated above.

(c) For no reason assigned was the judgment overruling defendants' motion for a new trial erroneous.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*