## 22003. GROLIER SOCIETY v. FREEMAN.

JENKINS, P. J. 1. "Where a contract prescribes conditions precedent to a party's right to set up a cause of action or defense, and the terms are reasonable, the opposite party may usually successfully plead a failure to comply with the conditions, as a reason for the court's refusal to entertain the action or defense. But forfeiture of rights is not favored, and the courts will readily seize upon circumstances arising in the subsequent conduct of transactions of the parties and imply a waiver, in order to prevent a forfeiture because of noncompliance with formal prerequisites." *McDaniel* v. *Mallary Bros. Co.*, 6 *Ga. App.* 848 (66 S. E. 146); *Charles* v. *Tyler*, 25 *Ga. App.* 626 (3) (104 S. E. 93). Furthermore, if nonperformance of a contract is caused by the act or fault of the opposite party, the nonperformance is excused. Civil Code (1910), § 4321; *Haralson* v. *Speer*, 1 *Ga. App.* 573 (3) (58 S. E. 142); *Byck* v. *Weiler Co.*, 3 *Ga. App.* 387, 391 (59 S. E. 1126).

2. In the instant suit the plaintiff, a resident of the city of New York, was employed by the defendant to work for it in the city of Atlanta, the verbal contract providing, according to the allegations of the petition and the plaintiff's testimony, that in the event the plaintiff should be discharged, the defendant would defray, to the extent of $250, the expense of the plaintiff in moving himself, his family and his household furniture back to New York. The evidence authorized a finding that the plaintiff was discharged, and that upon his reminding the defendant of its agreement to defray the expense of his removal to New York the defendant repudiated any such agreement, and informed the plaintiff that nothing would be paid to him. The evidence further authorized a finding that the plaintiff did not remove himself, his family, and his household furniture to New York, because he was without funds so to do, and

that the expense of such removal would have considerably exceeded the sum of $250. The testimony was in very sharp conflict, but this court is without authority to say that the jury was not authorized to find that the contract was made as pleaded or that the defendant had waived performance by the plaintiff of his actual removal to New York as a condition precedent to his right to recover the expense thereof. The fact that the verdict in favor of the plaintiff was for a less amount than might have been authorized is no ground for complaint by the defendant.

3. The judge of the superior court did not err in overruling the defendant's certiorari.

*Judgment affirmed.* *Stephens and Sutton, JJ., concur.*

DECIDED JULY 29, 1932.

*Haas & Gambrell, R. Emerson Gardner,* for plaintiff in error.
*Branch & Howard, E. L. Tiller,* contra.