33467.   CARTWRIGHT *v.* BARTHOLOMEW *et al.*

DECIDED MARCH 15, 1951.

*Clarke & Anderson,* for plaintiff in error.

*Marvin G. Russell, Turner Paschal, Talley Kirkland,* contra.

TOWNSEND, J. (After stating the foregoing facts.) It is apparent from the defendant's testimony that the original agreement between the parties, made at the time he went to the clinic with his wife and agreed to pay a total of $190, was an agreement in general terms that the wife would receive prenatal, delivery, and postnatal care, that drugs would be used to lighten her pain, and that the doctors would rotate so that one not overtired from long work would be on call at all times. The instruction that drugs would be administered when the pains reached three-minute intervals was not expressly contemplated in the original agreement, the defendant testifying that he was informed of this after his wife was admitted to the hospital several weeks later. Therefore, if this statement be construed to be a promise to begin the administration of drugs at that particular time, such a promise would of course not be a part of the contract and therefore *nudum pactum.* From the defendant's own testimony, it appears that the agreement contemplated generally that the expectant mother would receive adequate care

and pain-relieving drugs; and it would seem that whether the care and drugs she actually received under the circumstances were adequate would be a matter for expert testimony, of which there was none. See *Pilgrim* v. *Landham*, 63 *Ga. App.* 451 (4) (11 S. E. 2d, 420). It does appear that the defendant's wife suffered labor pains of at least three-minute intervals between 2 p. m. and 4:20 p. m., during which time no doctor was in attendance, and no pain-relieving drugs were administered. The damage alleged to have resulted from this was the pain and suffering of the wife during that period. Without entering into a discussion as to whether this would be a proper subject matter in an action to which the husband only is a party, it does appear that there was no guarantee that all or any given amount of pain would be relieved or that all pain would be relieved during any particular period.

It is apparent from its terms that the agreement constituted an entire contract for a given price, the treatment to extend from the time of the agreement until six weeks after birth. So far as the testimony shows, this agreement was fulfilled by the plaintiffs, insofar as they were allowed to do so, for all of this period except two and one-half hours on the afternoon of the child's birth. It is true that the defendant's wife received only five days of the agreed six-weeks post-natal treatment, but this was due to the defendant's action in removing his wife and child from the care of the clinic when they left the hospital. The contract was entire and not severable. See *Burns* v. *Mitchell*, 55 *Ga. App.* 862 (191 S. E. 870). The defendant contends that, this being so, the plaintiffs could not recover unless they performed all of the obligations imposed upon them under the terms of the contract, and that they did not perform all of its terms, in that for the two-and-a-half-hour period in question, at a time when his wife most needed the services of the doctors, she did not receive them. In support of this contention, he cites *Hill* v. *Balkcom*, 79 *Ga.* 444 (5 S. E. 200), and *Dolan* v. *Lifsey*, 19 *Ga. App.* 518 (91 S. E. 913). In these cases the party seeking to enforce the contract put an end to it by ceasing to fulfill his own obligations and the contract was thereupon dissolved. In the instant case, granting that the failure of the doctors to appear during the time in question constituted a breach of the

agreement, and that the defendant at that time could have refused all further services from them, procured another physician, and treated the contract as being at an end (*Sinclair Refining Co.* v. *Davis,* 47 *Ga. App.* 601 (1), 171 S. E. 150), he did not do so, but accepted the doctors' services at 4:20 that afternoon, through the delivery of the child, and for five days thereafter, not releasing them until after the mother had left the hospital. In *Broxton* v. *Nelson,* 103 *Ga.* 327, 330 (30 S. E. 38) the court, quoting Story on Contracts, states as follows: "The entire fulfillment of the promise by either, in the absence of any agreement to the contrary, *or waiver,* is a condition precedent to the fulfillment of any part of the promise by the other." In *McDaniel* v. *Mallary Bros. Machinery Co.,* 6 *Ga. App.* 848 (1) (66 S. E. 146), it is held as follows: "Where a contract prescribes conditions precedent to a party's right to set up a cause of action or defense, and the terms are reasonable, the opposite party may usually successfully plead a failure to comply with the conditions, as a reason for the court's refusal to entertain the action or defense. But forfeiture of rights is not favored, and the courts will readily seize upon circumstances arising in the subsequent conduct or transactions of the parties and imply a waiver." Where a defendant accepts benefits arising under the contract, after discovery of the alleged breach, this will constitute a waiver of such breach. *Eaves* v. *Georgian Co.,* 47 *Ga. App.* 37 (4) (169 S. E. 519); *Southern Savings Bank* v. *Dickey,* 58 *Ga. App.* 718 (199 S. E. 546). While it is easily understandable that the defendant would not wish to employ a new physician on the very day his wife was in labor, nevertheless his conduct in retaining them throughout her subsequent stay in the hospital, and in having them proceed with the minor operation on the infant, constituted a waiver of his right to rely upon such breach for the purpose of rescinding the entire contract.

The parties sued upon an express contract, and stipulated at the trial of the case that no testimony as to the range of charges or fees would be introduced, but that the case would be submitted on the basis of a verdict of all or nothing. For this reason, the question of a fee based on *quantum meruit,* and the question of a reduction of fee based on partial failure of consideration, are not before us.

The Appellate Division of the Civil Court of Fulton County did not err in affirming the judgment of the trial court directing a verdict in favor of the plaintiffs.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*