PEARSON *v.* GEORGE; *et vice versa.*

Nos. 18262, 18269.  ARGUED JUNE 8, 1953—DECIDED JULY 14, 1953—REHEARING DENIED JULY 27, 1953.

*Culpepper & Culpepper* and *Wilson & Wilson,* for plaintiff in error.

*Kopp & Peavy,* contra.

HEAD, Justice. ■ In ground 1 of the amended motion for new trial, the plaintiff assigns as error the following extract from a recharge by the court, at the request of the jury, as follows: "Gentlemen of the jury, the court charges you that, if part of the contract were canceled, it would all be canceled. The court construes it as a single contract."

The plaintiff contends that, under paragraph 8 of the written contract, the option agreement was in no way dependent upon the agreement for the lease of the lands. This contention of the plaintiff can not be sustained. *Crawford* v. *Smith,* 151 *Ga.* 18 (105 S. E. 477).

In ground 2 certain statements of the court, in a colloquy between the court and the jury, wherein the court restated certain contentions of the defendant, are attacked as error. Under the record, the court did not misconstrue or misstate the contentions of the defendant. The court might have instructed the jury that, in so far as the defendant relied upon an oral contract entered into subsequently to the written contract, the burden would be upon the defendant to establish the oral contract. There was no request to charge on the burden of proof as to the alleged oral contract. It has been held many times that

a correct charge is not erroneous solely because the court did not, in connection therewith, give in charge to the jury some other correct principle of law.

In ground 3, it is contended that the court erroneously charged the jury that a default in one of the payments of rent under the lease contract would give the defendant the right to cancel the option provision of the contract. The contract was entire, and not severable. A default in the payment of rent for the period of time provided in the contract would authorize a termination of the option provision of the contract, as well as the lease agreement, by the defendant (lessor).

In ground 4, it is contended that the court, in the absence of a written request, should have given in charge to the jury, in substance, the Code, §§ 37-801 and 37-802, with reference to the specific performance of contracts. The plaintiff was not relying upon a parol contract for land, and § 37-802 was not germane to any issue in the case. The court, however, did not charge the jury at all on specific performance, nor under what circumstances specific performance would be decreed. The failure of the court to give any instructions to the jury on specific performance (see *Silverman* v. *Alday,* 200 *Ga.* 711, 715, 38 S. E. 2d, 419; *Matthews v. Blanos,* 201 *Ga.* 549 (3b), 40 S. E. 2d, 715), left the jury without any legal basis for arriving at a verdict on the substantial issue of the case. The court's failure to give any charge on specific performance requires the grant of a new trial.

In ground 5, error is asserted in that the contentions of the defendant "were set forth in said charge explicitly, while the law which should have applied in this case was not given to the jury by the court." The court did charge some of the applicable principles of law, and it is not shown by this ground what principles of law it is contended should have been given in charge.

In ground 6, it is contended that the court erred in not charging the jury that, if a default occurred and was caused by the defendant's acts in making himself unavailable to receive payment of the rent due, or his whereabouts unknown, he could not take advantage of the default. Under the provisions of the written contract, the plaintiff might have paid any annual instalment in compliance with the contract without making the

payment directly to the defendant. This being true, the plaintiff could not rely on the unavailability of the defendant for the purpose of payment, as a defense for his failure to make an alleged payment on time.

■ "Where a contract for the sale of land is in writing—is certain—and fair in all its parts—is for an adequate consideration, and capable of being performed, it is just as much a matter of course for a court of equity to decree a specific performance of it as it is for a court of law to give damages for it in other cases." *Chance* v. *Beall,* 20 *Ga.* 142. See also *Clark* v. *Cagle,* 141 *Ga.* 703 (82 S. E. 21); *Funk* v. *Browne & Leacy,* 145 *Ga.* 828 (90 S. E. 64); *Tolbert* v. *Short,* 150 *Ga.* 413 (104 S. E. 245). The adequacy of consideration of a contract is to be determined as of the time of its execution. *Matthews* v. *Blanos,* supra; *Manning* v. *Carroll,* 206 *Ga.* 158, 160 (7) (56 S. E. 2d, 278).

Under the foregoing rules, the plaintiff fully established, by his evidence, his right to specific performance of the option provision of the contract. The defendant, however, relied upon an alleged breach as to the payment of the annual rental in 1949, and a subsequent oral contract between the parties.

The undisputed evidence showed that the letter alleged to have been written by the defendant to the plaintiff, purporting to cancel the option provision of the written contract, if mailed by the defendant as contended, was improperly addressed to Roberta, Georgia, R. F. D., and that the plaintiff's mailing address was Fort Valley, Georgia, R. F. D. Under the facts of this case, the burden was on the defendant to establish delivery of the alleged letter. *Jones* v. *Methvin,* 97 *Ga.* 449, 451 (25 S. E. 318). The defendant's contention that W. L. Parker received mail for the plaintiff was not sustained by any evidence. The plaintiff denied receiving the alleged letter and denied that there was any oral agreement subsequent to the written contract.

The oral agreement alleged by the defendant, if made as contended, was void. It was insufficient to constitute a complete contract; it was void for uncertainty. There was no description of the premises upon which the peach trees were located, and under the defendant's evidence this was the only land that the plaintiff was to remain in possession of.

In *McCranie* v. *Rigsby,* 172 *Ga.* 860, 861 (159 S. E. 233), it

was said in part: "If, in the circumstances shown by the evidence, failure to pay the August rent on or before the tenth day of that month would be such breach of the contract as would ordinarily defeat the right to specific performance, the failure of the lessor to repudiate the contract upon that ground promptly, and the subsequent acceptance of the monthly rentals under the contract without complaint, would as matter of law constitute a waiver, and the breach would not be ground for refusal to make a deed, where, within the time specified in the contract, the lessee notified the lessor of his intention to exercise his option to purchase and tendered the stipulated purchase price."

The rule stated in the *McCranie* case is applicable here. The defendant admitted in his testimony that he had received all payments of annual rent. If he was relying upon a breach of the written contract, and upon a subsequent oral agreement, then he was under the duty and burden to make this fact known at the time of the tender of the $5000 to him by the plaintiff in the Dempsey Hotel in Macon. If such agreement or oral contract was made freely and voluntarily by the plaintiff, and if the plaintiff had acquiesced in the alleged termination of the option provision of the written contract, it would then amount to fraud for the plaintiff to insist that he had a right to have the option provision of the written contract specifically performed.

"Where a party who is entitled to rescind a contract on ground of fraud or false representations, and who has full knowledge of the material circumstances of the case, freely and advisedly does anything which amounts to a recognition of the transaction, or acts in a manner inconsistent with a repudiation of the contract, such conduct amounts to acquiescence, and, though originally impeachable, the contract becomes unimpeachable in equity. If a party to a contract seeks to avoid it on the ground of fraud or mistake, he must, upon discovery of the facts, at once announce his purpose and adhere to it. Otherwise he can not avoid or rescind such contract." *Gibson* v. *Alford,* 161 *Ga.* 672, 673 (5) (132 S. E. 442). See also *Karpas* v. *Candler,* 189 *Ga.* 711 (7 S. E. 2d, 243).

Forfeitures of rights under valid legal contracts are not favored under the law. Our courts generally are quick to seize

upon any waiver of a forfeiture, the rule being that the right to rescind for any breach must be asserted promptly, and a waiver of a breach or forfeiture can not be recalled. 17 C. J. S. 897, § 409; 17 C. J. S. 917, § 433; 12 Am. Jur. 1016, § 436; *McDaniel* v. *Mallary Bros. Machinery Co.,* 6 *Ga. App.* 848 (66 S. E. 146); *Williams* v. *Empire Mutual &c. Ins. Co.,* 8 *Ga. App.* 303, 304 (7) (68 S. E. 1082); *Farmers Mutual Co-operative Fire Ins. Co.* v. *Kilgore,* 39 *Ga. App.* 528 (147 S. E. 725); *Grolier Society* v. *Freeman,* 45 *Ga. App.* 465 (165 S. E. 290); *Cartwright* v. *Bartholomew,* 83 *Ga. App.* 503, 507 (64 S. E. 2d, 323).

The acts and conduct of the defendant, as revealed by his testimony, were insufficient under the law to constitute a defense to the valid written contract, and the court erred in overruling the general grounds of the motion for new trial.

3. Defects in pleading may be taken advantage of by an oral motion to dismiss in the nature of a general demurrer. Code, § 81-302; *Kelly* v. *Strouse & Bros.,* 116 *Ga.* 872 (43 S. E. 280); *Darley* v. *Starr,* 150 *Ga.* 88 (102 S. E. 819).

In the present case the verdict of the jury was returned on January 29, 1953. No exceptions pendente lite were filed to the ruling of the court overruling the defendant's motion to dismiss the petition, and his cross-bill of exceptions was presented on May 5, 1953. An assignment of error on that ruling is, therefore, too late for consideration on review. *Taylor* v. *Cleghorn Bros.,* 176 *Ga.* 778 (168 S. E. 773); *Bowers* v. *Bowers,* 208 *Ga.* 85 (65 S. E. 2d, 153).

*Judgment reversed on the main bill of exceptions; cross-bill of exceptions dismissed. All the Justices concur, except Atkinson, P. J., not participating.*