### 35722. HUBERT *v.* LUDEN'S, INC.

Decided June 27, 1955—Rehearing denied July 13, 1955.

*C. J. Mathews, Head & Hanna,* for plaintiff in error.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Sidney Haskins,* contra.

Townsend, J. Headnotes 1 through 4 require no eleboration.

 The essential issue to be decided in this case is whether or not the contract of employment between the plaintiff and the defendant was terminated in accordance with its terms, or, if not, what effect the defendant's discharge of the plaintiff had upon his claim for unpaid commissions. As set out above, the contract contained a clause that either party might terminate the same "by giving the other written notice of intention to terminate one day in advance." It also contained a provision that, in the event of termination, "salesman shall not be entitled to any commissions on orders on file at the time of the termination hereof and on which shipments shall not have been made by Luden's." The commissions sought were for orders on file on which shipments had not been made, but which were subsequently shipped and paid for. The plaintiff's contention that his work was highly seasonal, and that the bulk of his orders taken during his em-

ployment were for later delivery, is borne out by a letter received by the plaintiff from the defendant's vice-president after the contract was signed, agreeing to increase commissions on deliveries until September 30, which letter then stated: "This will take you through the hot summer months, Jimmy, and your Christmas stuff will be rolling by October, and you will then be all set and in good shape."

On August 14, 1950, the defendant, by its vice-president, wrote a letter, which the plaintiff received on August 16, containing the following: "Further to our conversation at Birmingham, and further to our conversation on the telephone, we regret to advise you that we must stand pat on our decision to discontinue your services effective at once." The letter contained instructions for the storing of equipment, which the plaintiff followed, and, except for forwarding some mail orders to the company thereafter, on which commissions are not here claimed, he did discontinue his services after that date.

This court recognizes the authorities cited by the defendant in error, to the effect that the weight of authority in this country is to the effect that, where a contract of employment requires written notice of intention to terminate a stated period in advance of actual termination, and where such notice is not given, a discharge without notice is effective after the lapse of the agreed time. 35 A. L. R. 893; 126 A. L. R. 1110; Williston, Contracts (Rev. ed.), Vol. IV, p. 2846, § 1027, and citations. Thus, as in Johnson v. Pacific Bank & Store Fixture Co., 59 Wash. 58 (109 Pac. 205), where an employer terminates a contract without giving a required 60-day notice, the employee is entitled to wages for the 60-day period during which he should properly have been allowed to continue his employment. Such a situation necessarily takes into consideration that during such period the employer is also entitled, if he desires them, to the services of the employee, and the wages for that period represent sums which the employee was entitled to earn and was prevented from earning because of the act of the employer. Of course, if the employee, after receiving a 60-day notice, elected to leave immediately and not work and earn his wages during such 60-day period, he would not be entitled to receive them. Those cases involve the right to receive compensation for future services, but they do not involve a forfeiture of compensation for services already performed.

We also recognize the general rule, as applied in this State, that forfeitures, although not favored, are not altogether prohibited, and that where, under the terms of a contract, a forfeiture is clearly agreed upon, it will be upheld. *Golden* v. *National Life &c. Ins. Co.*, 189 *Ga.* 79 (5 S. E. 2d 198, 125 A. L. R. 838). We also agree with the holding of the Supreme Court of Alabama in Oates *v.* Lee, 222 Ala. 506 (133 So. 44), to the effect that, while the court could not understand why parties in their right mind should enter into such contracts, nevertheless, if a contract of employment on a commission basis provided for discharge without notice, and also provided that, in the event of discharge, the salesman should not be entitled to compensation for orders not completed and full deliveries made, the terms of such contract would be upheld. This case involves a situation where, as to the commissions sought, the defendant company procured a large volume of orders subsequently filled by it due to the plaintiff's efforts, and on which the plaintiff had completed everything required of him in order to procure the sale, and had forwarded the orders to the company so that the only thing remaining to be done was an act on the part of the defendant itself. Consequently, the right to the commissions absolutely vested in the plaintiff at that time, subject only to two contingencies—that the order might be canceled before shipment, in which event under the terms of the contract the salesman would lose his right thus acquired to the commissions, or that the contract of employment might be canceled according to its terms before the shipment and payment therefor took place. This contract was not canceled according to its terms, although it was undoubtedly canceled. The defendant having notified the plaintiff by letter of its termination of the contract in a manner not provided for by the contract (that is, "effective at once," and without giving the one-day notice of intention to terminate), the plaintiff had a right to treat the letter as a breach of the contract, which it was, and thereupon himself to rescind the contract, which he did by returning the defendant's property and ceasing to take further orders for it, while at the same time insisting that the contract had not been legally terminated by the defendant. As stated in Code § 20-907: "In some cases a party may rescind without the consent of the opposite party, for nonperformance by him of his cove-

nants; but this can be done only when both parties can be restored to the condition in which they were before the contract was made." Restoration of the status of the parties here involved the returning of the defendant's property and crediting the defendant's account with overpayments on the plaintiff's drawing account, and it further involved payment by the defendant to the plaintiff of commissions already earned by the latter prior to the breach and rescission. See also *Beck* v. *Thompson & Taylor Spice Co.*, 108 *Ga.* 242 (33 S. E. 894) ; *Shubert* v. *Speir*, 201 *Ga.* 20 (1) (38 S. E. 2d 835) ; *Manley* v. *Exposition Cotton Mills*, 47 *Ga. App.* 496 (170 S. E. 711), to the effect that, where an employer breaches a contract of employment, the employee may sue on quantum meruit to recover the value of the services so performed; or he may maintain an action to recover damages for the loss sustained by the breach. Of course he may maintain both such actions for a single recovery by setting out his differing legal theories of recovery under separate counts of the same petition. *Pacific Mutual Life Ins. Co.* v. *Caraker*, 31 *Ga. App.* 707 (4) (121 S. E. 876). An attempt to discharge an employee in a manner not contemplated thereby is certainly a fundamental breach of the contract. Whether the employee was in fact harmed by failure to give the very short notice required is not here involved, the question being whether the defendant employer can insist upon a forfeiture clause in the contract when it has not complied with the terms of the contract under which such forfeiture clause may be invoked. Forfeitures are not favored, and are subject to a very strict construction. *Prothro* v. *Walker*, 202 *Ga.* 71 (42 S. E. 2d 114) ; *DeLamar* v. *Fidelity Loan &c. Co.*, 158 *Ga.* 361 (123 S. E. 116) ; *Pearson* v. *George*, 209 *Ga.* 938 (77 S. E. 2d 1) ; *Aetna Life Ins. Co.* v. *Palmer*, 159 *Ga.* 371 (125 S. E. 829). In consequence, it must be held that, under a strict construction of the contract, the failure of the defendant to cancel the same in accordance with its terms was in itself such a breach of the contract as would prevent the defendant from insisting upon the forfeiture provision. "Where a forfeiture is dependent upon the giving of a certain written notice, if it be such as can be enforced, it must appear that the notice was given in compliance with the contract both as to time and contents, and that the default occurred." *Georgia R. & Bkg. Co.* v. *Haas*,

127 *Ga.* 187, 190 (56 S. E. 313, 119 Am. St. R. 327, 9 Ann. Cas. 677). Under the authority of *Johnson* v. *Kahrs,* 199 *Ga.* 365 (34 S. E. 2d 503), this rule is applicable where, under the terms of the contract of employment, written notice of termination is required, not merely for the purpose of allowing the employee time in which to locate other employment, but where other affirmative rights under the contract are also forfeited by the employee on its termination. The withholding of commissions already earned would amount to a forfeiture of such commissions which the defendant has no right to insist upon unless, by strict compliance with the contract on its part, some right arising therefrom entitles it to do so. There was no such compliance in this case, and no such right. Under the terms of this contract, the defendant could for no reason terminate it without the giving of the one-day notice. The defendant having attempted to do so, and the plaintiff having shown by uncontradicted evidence the contract, the breach, and the stipulation as to the amount which the plaintiff would receive if entitled to recovery, a judgment in his favor is demanded. The remaining special grounds of the amended motion for new trial are not dealt with eo nomine, as in general they raise the questions decided in this division of the opinion.

The trial court erred in denying the motion for a new trial.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*