47462, 47463.   STATE HIGHWAY DEPARTMENT v. HALL PAVING COMPANY, INC.; and vice versa.

HALL, Presiding Judge. In an action by a road-building contractor to recover money withheld from the contract price for liquidated damages, the State Highway Department appeals from the grant of summary judgment for the contractor (on one ground of the motion) and from the denial of its motion for summary judgment which the court certified for immediate review.

1. The contractor has also cross appealed from the unfavorable ruling on another ground of its motion. Since no certificate accompanied this denial, however, the cross appeal is not subject to review. *Carroll v. Campbell,* 226 Ga. 700 (177 SE2d 83).

2. The original summary judgment and order denying the Highway Department's motion for summary judgment was entered on May 8. On May 26 the court amended its May 8 judgment, nunc pro tunc. The Highway Department requested and received a rehearing on May 30, at which time the court issued an order denying the oral motions on reconsideration and reaffirming the order and judgment of May 8 as amended. The Highway Department's notice of appeal designates all these judgments and orders. The contractor's motion to dismiss (because the "final judgment" of May 30 is not appealed from) is without merit. *Wilson v. McQueen,* 224 Ga. 420 (162 SE2d 313); *Adamson v. Adamson,* 226 Ga. 719 (177 SE2d 241); *Housing Authority of the City of Douglas v. Marbut Co.,* 229 Ga. 403 (191 SE2d 785).

3. The parties, of course, had a lengthy written contract. It is the construction of certain provisions of that contract, as applied to the undisputed facts, which is the issue on this appeal. The pertinent provisions are as follows: "Failure or Delay in Completing Work on Time: Time is an essential element of the contract, and any delay in the prosecution of the work may inconvenience the public, obstruct traffic, or interfere with business. In addition to the aforementioned inconvenience, any delay in completion of the work will always increase the cost of engineering. For this reason it is important that the work be pressed vigorously to completion. Should the contractor, or in case of default, the surety fail to complete the work within the time stipulated in the contract or within such extra time that may be allowed, charges shall be assessed against any money due or that may become due the contractor in accordance with the following table: [the table provided $150 as the daily charge per calendar day for this particular contract]. A. Liquidated Damages: The amount of such charges is hereby agreed upon as fixed liquidated damages due the department after the expiration of the time for completion specified in the contract. The contractor and his surety shall be liable for liquidated damages in excess of the amount due the contractor. . . Liquidated damages shall start in accordance with the above schedule upon notification to the contractor in writing that all the original contract time as stated in the proposal has been consumed. . . B. No Waiver of Department's Rights: Permitting the contractor to continue and finish the work or any part of it after the expiration of the time allowed for completion after any extension of time, shall not operate as a waiver of the rights of the department under the contract."

It is undisputed: that time was being calculated on an "available day" basis, i.e. ordinary weekdays in which five hours work is not prevented by causes beyond the contractor's control; that the 161 available days allotted to this project expired on July 1; that the contractor

overran by 116 days, finishing the job some time in December; that the Highway Department began at the outset of the overrun to charge $150 per day as liquidated damages which was reflected in the next regular monthly statement sent by the Highway Department treasurer to the contractor; that the Highway Department's resident engineer on this project prepared weekly reports of progress and time charges, a copy of which he always mailed to the contractor; that this report for the week ending July 6 showed that 163 available days had already been used and charged and that in the opinion of the engineer, the contractor was operating in liquidated damages; that each succeeding weekly report showed days charged over the available days allowed and each succeeding monthly report showed charges against the contractor for liquidated damages; that the contractor had been notified by the resident engineer on May 6 that it would probably be unable to complete within the allotted time unless it placed additional men and equipment on the job; and that as of the date of the overrun, no additional forces had been placed. However, it is also undisputed that the Highway Department did not give written notice to the contractor which specifically stated that "all the original contract time stated in the proposal has been consumed."

The contractor's motion for summary judgment asserted three grounds: (1) that time was not of the essence of the contract so liquidated damages were improper; (2) that the Highway Department had not complied with the condition precedent to assessing liquidated damages (the written notice); and (3) that the Highway Department had waived by conduct any claim for damages.

The trial court held that time was of the essence and denied the motion as to ground number 1. It apparently made no ruling on ground number 3. However, it granted the motion on ground number 2 and held that sending copies of the Highway Department's "weekly interdepartmental reports to plaintiff does not satisfy the clear

requirement of the contract that plaintiff be notified in writing that its available days had expired and the Highway Department was claiming liquidated damages."

We see the main issue here to be whether the reports sent by the Highway Department amounted to substantial compliance with the spirit of the notice requirement. By statute, effectual performance is that which is "a substantial compliance with the spirit and not the letter only, of the contract. . . ." *Code* § 20-1101.

The purpose of the notice requirement is not difficult to fathom. Since the determination of which days were actually available working days was made by the Highway Department, the days charged as such would not be known to the contractor. It would therefore be critical to inform the contractor when the allowable time had expired so it could at least attempt to reduce the liquidated damages by using additional forces. The purpose of requiring the notice to be written is also clear. Not only is a writing better "evidence" of notice having been given in case of a later dispute, but it has a high probability of giving *actual* notice to those in positions of responsibility. (Orally informing some casual laborer on the site would have a correspondingly low probability).

The contractor does not contend that it did not actually know the time had expired or, e.g., that it is the custom of the Highway Department never to assess liquidated damages without this literal form of notice. It merely reiterates that it did not receive notice in the language of the contract. The trial court apparently believed this was necessary also. The result of such an interpretation would be to authorize the assessment of liquidated damages, following months of silence, by a single letter which baldly stated that "all the original contract time as stated in the proposal has been consumed." This would be a patent example of compliance with the letter only of a contract.

The means adopted by the Highway Department to keep the contractor informed complied with the spirit. From the time work began, it sent weekly reports which con-

veyed a great deal of information of utmost importance to the contractor, including total calendar and available days charged to date, days charged the previous week, a weather report for each day (which affected available day calculations), estimated percentage of completion, and reasons for the project being behind schedule. It defies imagination to believe the contractor's managers were not reading these reports and were not well aware that time had run out. If they had any doubt at all, it was settled when they received the July treasurer's report charging liquidated damages. This record shows that they did not object to or protest either the calculation of days or the assessment of damages. Some 18 months after the assessments began and a year after the final completion, the contractor filed this suit.

As long ago as 1909, this court rejected formal reliance upon the letter of a contract provision which required a notice to be sent by registered mail. The facts showed that regular mail was used and that in response, the recipient sent a representative to the sender to solve the problem. The court held that this was a waiver of strict performance. *McDaniel v. Mallary Bros. Machinery Co.,* 6 Ga. App. 848 (66 SE 146).

While we believe actual notice is the key issue, both here and in *McDaniel,* the waiver theory is also applicable. The contractor did not insist upon an alleged contractual right to be notified in certain language at the time it first knew liquidated damages were being assessed. It continued work as usual and later even accepted an extension of nine available days to those originally allocated. "Courts will readily seize upon any fact or circumstance growing out of the conduct of the parties, tending to show a waiver of strict compliance, and will seek to avoid the forfeiture and to leave the actual merits of the case open to investigation." *McDaniel,* supra, p. 851. The court erred in granting plaintiff's motion for summary judgment on ground number 2.

4. However, in order to determine whether the court erred

in denying the defendant's motion for summary judgment, it is necessary to consider the contractor's other two grounds. In essence it contends that the "time of the essence" provision of the contract was waived because: (1) there was no definite time set to begin and complete the contract (the original date set to begin was changed by the Highway Department when sites were unavailable and the method of computing time was changed from calendar days to available days); and (2) after the expiration of available days the Highway Department recognized the contract as still existing by allowing the contractor to complete it.

The first contention is without merit. The contract provided an order of priority for its provisions: special provisions would prevail over supplemental specifications which would prevail over general specifications. One special provision was that time charges were to commence ten days after a bridge site became available. By a later supplemental agreement the parties changed the date of commencement to reflect actual site availability. Another special provision (as well as the supplemental agreement) converted the contract time from calendar days to available days. There is nothing in these modifications which suggests that the Highway Department was unconcerned with the amount of time the contractor used after it actually commenced work. A definite number of available days to complete work as soon as the work site was ready is a sufficiently certain time for making it of the essence.

It is also clear that allowing the contractor to complete the work late was not a waiver. The contract anticipated the possibility of an overrun, provided liquidated damages in that event, and specifically stated that allowing completion after expiration would not operate as a waiver of the Highway Department's right to collect liquidated damages. Further, that they were charged against the contractor as soon as the available time expired shows that there was no waiver in fact.

For these reasons, the court erred in denying the defendant's motion for summary judgment.

*Judgment reversed. Bell, C. J., Eberhardt, P. J., Deen, Clark and Stolz, JJ., concur. Pannell, Quillian and Evans, JJ., dissent.*

ARGUED SEPTEMBER 11, 1972—DECIDED OCTOBER 31, 1972— REHEARING DENIED NOVEMBER 28, 1972—

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, William B. Brown, Assistant Attorneys General, Larry Evans, Deputy Assistant Attorney General,* for appellant.

*Robert E. Andrews,* for appellee.

EVANS, Judge, dissenting. The question at issue here is as to whether the State Highway Department of Georgia is entitled to collect liquidated damages from Hall Paving Co., Inc. because of the latter's failure to complete a contract within the number of days specified therein, which contract contained a provision for the contractor's payment of "liquidated damages" in the event of such failure. The contract provides: "Liquidated damages shall start in accordance with the above schedule upon notification to the contractor in writing that all the original contract time as stated in the proposal has been consumed." The record clearly shows that no such notice in writing was given by the Highway Department to the contractor, although certain progress reports were supplied to the contractor from time to time; and it appears without question that the contractor had knowledge that the contract was not completed within the time limitation.

It is the contention of the Highway Department that a substantial compliance with its written contract as to "notification to the contractor in writing" is sufficient.

Clearly, the imposition of liquidated damages in this case is in the nature of a forfeiture or penalty. The law is quite plain that forfeitures are looked on with disfavor.

In *Pearson v. George,* 209 Ga. 938, 945 (77 SE2d 1) the

Supreme Court states: "Forfeitures of rights under valid legal contracts *are not favored under the law. Our courts generally are quick to seize upon any waiver of a forfeiture,* the rule being that the right to rescind for any breach must be asserted promptly, and a waiver of a breach or forfeiture can not be recalled. 17 CJS 897, § 409; 17 CJS 917, § 433; 12 AmJur 1016, § 436; *McDaniel v. Mallary Bros. Machinery Co.,* 6 Ga. App. 848 (66 SE 146); *Williams v. Empire Mutual &c. Ins. Co.,* 8 Ga. App. 303, 304 (7) (68 SE 1082); *Farmers Mutual Co-operative Fire Ins. Co. v. Kilgore,* 39 Ga. App. 528 (147 SE 725); *Grolier Society v. Freeman,* 45 Ga. App. 465 (165 SE 290); *Cartwright v. Bartholomew,* 83 Ga. App. 503, 507 (64 SE2d 323)." (Emphasis supplied.) *Code* § 20-902 provides: "A condition, precedent or subsequent, not complied with, want or failure of consideration, or any act of the opposite party, by which the obligation of the contract has ceased, may be pleaded as a defense."

One who asserts the right to a penalty or forfeiture against another must strictly comply with the terms of the contract which affords him such right. In the case of *Hubert v. Luden's, Inc.,* 92 Ga. App. 427 (5) (88 SE2d 481), an employer sought to defeat the right of the employee to earned commissions. The contract provided that if the employer gave the employee written notice of the intention to terminate the contract one day in advance, in accordance with its terms, no right to earned commissions would inhere in the employee. But the employer failed to strictly and literally comply with the provisions of giving one day's notice in advance of termination, and this court holds, at p. 431: "This contract was not canceled according to its terms, although it was undoubtedly canceled. The defendant having notified the plaintiff by letter of its termination of the contract in a manner not provided for by the contract (that is, 'effective at once,' and without giving the one-day notice of intention to terminate), the plaintiff had a right to treat the letter as a breach of the contract, which it was . . ."

Headnote 5 holds: "The failure of the defendant to give the plaintiff written notice of intention to terminate the

contract between them *one day in advance, in accordance with its terms,* constituted a breach, this provision requiring a forfeiture of the plaintiff's earned commissions *and subjecting the contract to strict construction.* Accordingly, the plaintiff was entitled to treat the contract as breached and recover his earned commissions." (Emphasis supplied.)

The State Highway Department's contention that it complied "substantially" with the contract as to notice will not suffice. There must have been an exact, strict and literal compliance. The State Highway Department contends no notice was necessary because plaintiff had knowledge of the situation. *Code* § 37-116 provides: "Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found such inquiry might have led. Ignorance of a fact, due to negligence, shall be equivalent to knowledge, in fixing the rights of parties."

If the State Highway Department's burden had been simply to show that the contractor had *knowledge,* it would be entitled to collect the forfeiture or penalty, but it had a much greater burden, that is, of showing that the Highway Department *strictly complied with the terms of the contract as to notice.* Under the contract no liquidated damages "shall start" until the State Highway Department has "notified the contractor in writing that *all* of the original contract time as stated in the proposal has been consumed."

While Hall Paving Company, Inc. may have had copies of the reports sent by the engineer, this did not comply with the requirements of the contract. Where liquidated damages are involved in a contract, I feel that it should be strictly construed.

Therefore, the State Highway Department, having failed to comply strictly with the terms of its contract, cannot legally enforce a penalty or forfeiture against the contractor. I dissent from the majority opinion.

I am authorized to state that Judges Pannell and Quillian concur in this dissent.