49462. HENSLEE v. LYNES MORTGAGE COMPANY.

DEEN, Judge.

1. On August 31, 1971, the plaintiff Lynes Mortgage Company entered into a written agreement with Henslee to attempt to procure a million and a half dollar loan commitment from Metropolitan Life Insurance Co. to be used in an apartment project Henslee and others were constructing. The $23,000 here sued for represents its fee for such successful procurement. Henslee's group, Frederica Apartments, however, did not use the commitment when procured and on January 26, 1972, accepted a loan commitment offered by another insurance company. The general grounds contentions are simply stated. Henslee contends he is not liable because the commitment as issued differed in important respects from that which he had authorized Lynes, the plaintiff, to procure. Lynes admits to certain differences but points out that Henslee professed himself delighted with the loan commitment obtained, called on the plaintiff to procure extensions of it as written as the various termination dates accrued, and in January, 1972, within a few days of the obtention of the Prudential loan again came by the plaintiff's office, stated that he would know

definitely by February 1 whether the apartment project would be continued, and stated that he intended to pay the loan commitment fee as per the contract. This evidence posed a jury question as to waiver by the defendant of the exact terms proposed for the loan commitment. It was undisputed that the commitment, as changed in certain particulars, was in fact procured and was several times extended at the defendant's request. Put in its simplest terms, the defendant agreed to purchase certain services from the plaintiff (procural of a loan commitment with stated terms); plaintiff tendered nonconforming services (a loan commitment contract differing in certain particulars from that proposed) and there is evidence that the defendant accepted it. "Where a purchaser has rejected a tender of delivery which under the terms of the contract he was not bound to accept, and where he afterwards, by a valid agreement, waives his right to reject and agrees to accept the property, the latter agreement constitutes a novation of the original contract, insofar as it affects the particular property." *Carolina Portland Cement Co. v. Roper-Strauss-Ferst Co.,* 33 Ga. App. 511 (1) (126 SE 860). As to waiver of particular contract terms by acceptance, see *Mathis v. Harrell,* 1 Ga. App. 358, 362 (58 SE 207); *Hewitt Co. v. Bridgeboro Co.,* 111 Ga. App. 261, 264 (141 SE2d 211); *Cartwright v. Bartholomew,* 83 Ga. App. 503 (b) (64 SE2d 323). The "right to rescind for any breach must be asserted promptly, and a waiver of a breach or forfeiture cannot be recalled." *Pearson v. George,* 209 Ga. 938, 946 (77 SE2d 1). The evidence did not demand a judgment in favor of the defendant.

2. Complaint is made that the trial court failed to charge the following request: "Even though negotiations evidence a willingness to enter into a contract which was required to be in writing, a valid, binding, written contract does not result if there is any essential part of the contract upon which the minds of the parties do not meet and unless the terms and conditions are fully agreed in writing, a contract to enter into a contract in the future is not binding upon the parties." *Russell v. City of Atlanta,* 103 Ga. App. 365 (119 SE2d 143), cited by appellant and from which the quotation is taken, has no

relation to the facts here. In that case a city manager entered into a parol agreement (which it was beyond his authority to do), and the court held that the most the evidence showed was an intention to enter into a future contract. Here a contract *was* entered into. It was in writing, and contained an agreement to pay on procuring a loan commitment. A loan commitment was procured. The only issue in the case is whether the commitment *as* procured was in fact accepted by the defendant, and on this issue the court charged the jury fully and fairly. It was, in fact, probably better not to have given the charge requested as this might have been misunderstood as a preliminary agreement which would only ripen to contract status if the defendant in fact received the money from the insurance company, an issue not in the case at all.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

ARGUED JUNE 26, 1974 — DECIDED SEPTEMBER 4, 1974 — REHEARING DENIED SEPTEMBER 25, 1974.

*Wingate & Bartlett, Fred E. Bartlett, Jr.,* for appellant.

*Kennedy & Sognier, John W. Sognier, Watson, Spence, Lowe & Chambless, G. Stuart Watson,* for appellee.